BERNARD, D.B.A. BERNARD LAW OFFICES, APPELLANT, *v.* MORETTI, APPELLEE.

(No. 86AP-708 — Decided March 31, 1987.)

*Bernard Law Offices* and *Van R. Shirey,* for appellant.
*Delligatti, Hollenbaugh, Briscoe & Milless, Colleen H. Briscoe* and *Jeffrey M. Betz,* for appellee.

McCORMAC, J. Bernard Bernard, plaintiff-appellant, appeals the judg-

ment of the Franklin County Municipal Court dismissing his claim for breach of contract against a former client, Phyllis A. Moretti, defendant-appellee.

Appellant asserts the following assignments of error:

"1. Whether the trial court erred in dismissing plaintiff-appellant's claim, against the manifest weight of the evidence, in light of the uncontroverted testimony that defendant-appellee's action constituted an actionable and recoverable breach of the attorney-client contingent fee contract.

"2. Whether the trial court erred in dismissing plaintiff-appellant's claim, against the manifest weight of the evidence, in light of uncontroverted testimony of a subsequent oral agreement between the parties modifying the original contingent fee contract."

On July 22, 1981, Moretti retained Bernard to represent her with regard to a personal injury claim which arose out of an accident at the Anheuser-Busch plant in Columbus, Ohio when a bottle was ejected from a conveyor line striking her on the head. In regard to the representation, the parties entered into the following contingent fee contract:

"CONTRACT EMPLOYING ATTORNEY ON CONTINGENT FEE BASIS

"This agreement made this **22** day of **July** 1981, by and between **Phyllis A. Moretti** (hereinafter called the client), and Bernard Law Offices and attorneys at law (hereinafter called the attorney);

"WITNESSES:

_____

_____

"WITNESSETH:

"Client hereby retains and employs the attorney to act for him and on his behalf in recovering from **any defendant** damages for **accident occurring approx. 3/24/80 at Anh.-Busch.**

"In consideration of the services rendered, and to be rendered by the attorney in that behalf, it is agreed that the attorney shall receive **33⅓** percent of whatever gross sum may be recovered by settlement without formal institution of legal proceedings, or **33⅓** percent of whatever gross sum may be recovered by settlement or otherwise at any time after the formal institution of legal proceedings.

"If the case is appealed beyond the trial court level, the attorney shall receive additional compensation for appellate services rendered, not to exceed ten percent of the gross sum ultimately recovered.

"The attorney has accepted, and does hereby accept, said retainer and employment and agrees and undertakes to negotiate for settlement of said claim, to institute legal proceedings if necessary and to prosecute the same to final determination, and to do and perform all other acts which in the judgment of the attorney are necessary and proper to enforce and protect the rights of the client. It is mutually agreed that if nothing is recovered on said claim, the attorney shall receive no compensation for his services or for his personal, office or investigative expenses incurred.

"Executed at **Columbus** the day and year first above written.

<u>Phyllis A. Moretti</u>
Client

_____
Client
**Thomas T. Sweeney**
Attorney" (Bold type added.)

Thereafter, Bernard filed a complaint against Litton Industries and others for Moretti's personal injuries, the proof of which allegedly involved complicated factual and legal matters both in regard to the products liability litigation and the medical proof relating to Moretti's injuries. According to the undisputed testimony, Bernard proceeded diligently to prepare the case for trial. In January 1985, Bernard called Moretti into his office and advised her that it was necessary to take depositions from three out-of-town doctors in order to properly present her case and that the cost to do so would be about $8,000, which Moretti must advance before the depositions could be taken. Moretti promised to obtain the $8,000 and to pay the expenses in order that her case might be properly presented for its full value. She subsequently failed to do so. In the meantime, the defendant in that litigation offered $10,000 in settlement of the case, which offer Moretti refused. At that point, Bernard withdrew from the case on the basis that, without the medical evidence, Moretti's prospects to recover anything would be practically nil. Following Bernard's withdrawal from the case, he filed this action based upon an alleged breach of the contingent fee contract, seeking payment of one-third of the $10,000 settlement offer, which Moretti refused to accept, against his advice, after having also failed to advance the $8,000 necessary to take and file the three medical depositions from out-of-town doctors.

The issue is whether Moretti breached the contingent fee contract entitling Bernard to recover one-third of the gross sum offered by the defendant in settlement of that litigation.

Moretti did not breach the contingent fee contract even if it is assumed that the contingent fee contract requires the client to pay expenses incurred for medical depositions which are taken in preparation of the case. The written contract is silent on that issue as it refers only to personal, office, or investigative expenses. However, generally these are expenses to be incurred by the client rather than the attorney and the testimony was that the client was advised of that fact from the start. Nevertheless, it is solely the client's decision to advance expenses, which were quite substantial in this case amounting to $8,000, even though her attorney advised her that no substantial recovery could be made without that advancement. Appellant Bernard has cited no law that supports the proposition that a client must decide to advance expenses, which are always at some risk of not being recovered. Even though it is alleged that the client initially promised in January 1985 that she would advance the expenses, there was no further action or expenses incurred by Bernard based upon that promise. Hence, that promise, even if made, cannot be the basis of proving a breach of the contingent fee contract.

Even without the depositions having been taken, Bernard obtained a settlement offer of $10,000 for Moretti, which he advised her to take in light of the fact that no substantial proof of injuries could be made without the medical depositions. Moretti refused to take the settlement offer, at which time Bernard withdrew from the case. Bernard's advice to Moretti in both instances may have been, and it will be assumed was, sound. However, it is solely within the client's discretion to accept or reject a settlement offer. There is nothing within the evidence to indicate that there was any bad faith motive on Moretti's part to somehow deprive Bernard of his fees. Even if her refusal to accept the settlement offer was foolish, it is not the basis for proof that the contingent fee contract was breached. The contingent fee con-

320

tract provides that, if nothing is recovered on the claim, the attorney shall receive no compensation for his services or for his personal, office, or investigative expenses incurred. There was no recovery by settlement or otherwise but only an offer which was rejected by the client as was her right. Hence, the trial court properly dismissed plaintiff's case after presentation of the evidence because there was no proof that the contingent fee contract was breached.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and REILLY, J., concur.