[Cite as *Federman v. Christ Hosp.*, 2013-Ohio-5507.]

# IN THE COURT OF APPEALS FIRST

## APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ALBERT FEDERMAN, Individually and as Executor of Estate of Sherry Krause, deceased, and personal representative of the next of kin and beneficiaries, | : : : : | APPEAL NO. C-120484 TRIAL NO. A-1201168 |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| vs. | : | |
| THE CHRIST HOSPITAL, | : | |
| GREATER CINCINNATI PATHOLOGISTS, INC., | : | |
| GREATER CINCINNATI PATHOLOGISTS, LLC, | : : | |
| THE HEALTH ALLIANCE OF GREATER CINCINNATI, | : | |
| UC HEALTH, | : : | |
| UNIVERSITY HOSPITAL, INC., | : | |
| TRI-STATE PULMONARY ASSOCIATES, INC., | : : | |
| SANDEEP KAPUR, M.D., | : | |
| JASON BRANTLEY MARTIN, M.D., | : | |
| JONATHAN TOBIAS, M.D., | : | |
| NATHAN LEBLANC, | : | |
| and | : | |
| JOHN MICHAEL HAZENFIELD, M.D., | : | |
| Defendants-Appellees. | : | |

[Cite as *Federman v. Christ Hosp.*, 2013-Ohio-5507.]

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 24, 2013

*Marlene Penny Manes*, for Plaintiff-Appellant,

*Rendigs, Fry, Kiely & Dennis, LLP, Jeffrey M. Hines* and *Karen A. Carroll*, for Defendants-Appellees, The Christ Hospital and John Michael Hazenfield, M.D.,

*Calderhead, Lockemeyer & Peschke*, *David C. Calderhead* and *Joshua F. DeBra*, for Defendants-Appellees, Greater Cincinnati Pathologists, Inc., Greater Cincinnati Pathologists, LLC, Jonathan Tobias, M.D., and Nathan LeBlanc,

*Frost Brown Todd LLC* and *Walter E. Haggerty*, for Defendants-Appellees, The Health Alliance of Greater Cincinnati, UC Health and University Hospital, Inc.,

*Lindhorst & Dreidame Co., L.P.A., Michael F. Lyon* and *Bradley D. McPeek*, for Defendants-Appellees, Tri-State Pulmonary Associates, Inc., Sandeep Kapur, M.D., and Jason Brantley Martin, M.D.

Please note:  this case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Presiding Judge.**

{¶1}  Plaintiff-appellant Albert Federman appeals the trial court's dismissal of his claims arising from what he alleged was an incomplete, and therefore unauthorized, autopsy of his deceased wife's body.

{¶2}  Ohio law permits an autopsy to be performed upon the body of a deceased person if consent has been given by the person who has the statutory right of disposition of the body.  *See* R.C. 2108.50(A).  The "right of disposition" refers to the right to direct the disposition of a deceased person's body, to make and purchase funeral arrangements, and to make arrangements for burial, cremation, or other manner of final disposition of the body.  *See* R.C. 2108.70(A)(4). If, before death, the deceased person has made no valid written declaration assigning the right of disposition of the person's body, the right is assigned by law to certain people, beginning with the deceased person's surviving spouse.  *See* R.C. 2108.81.

{¶3}  In this case, following his wife's death at The Christ Hospital ("TCH"), Mr. Federman gave his authorization for an autopsy to be performed on her body.  A copy of the authorization form was attached to Mr. Federman's complaint.

{¶4}  The form states: "This authorization is subject to the following restrictions, limitations, and requests: COMPLETE (no restrictions) [;] TRUNK only[;] HEAD only[;] SPECIFIC ORGAN(S) only _____ [; and] FOR DETERMINING CAUSE OF DEATH only."  Mr. Federman alleged that he had marked the appropriate box to select the complete and unrestricted autopsy.

{¶5}  On the authorization form, Sandeep Kapur, M.D., is listed as the decedent's physician, and the signature of John Hazenfield, M.D., appears below a section of the form that required information to be provided by a physician.  In that section, the decedent's clinical diagnosis is listed as "cardiogenic shock," and the areas listed for "clinicopathologic correlation" are "heart[,] liver[,] kidneys."

{¶6} The autopsy was performed by Jonathan Tobias, M.D., and Nathan Leblanc. The decedent's body was later cremated.

{¶7} Thereafter, Mr. Federman called the hospital several times to obtain the autopsy report, but he did not receive it for several months. It was evident from the report that no pathological examination of his deceased wife's brain and central nervous system had been undertaken. Upon further inquiry, Mr. Federman discovered that the autopsy authorization form that he had signed had been altered—the mark that he had placed in the box for "COMPLETE (no restrictions)" had been crossed out and a box for "TRUNK only" had been marked.

{¶8} Mr. Federman filed a complaint against TCH; Dr. Hazenfield, allegedly an employee or agent of University Hospital, Inc., UC Health, The Health Alliance of Greater Cincinnati, or TCH; Dr. Kapur and Jason Brantley Martin, M.D., allegedly employees or agents of Tri-State Pulmonary Associates, Inc., or TCH; and Dr. Tobias and Nathan Leblanc, allegedly employees or agents of Greater Cincinnati Pathologists, Inc., Greater Cincinnati Pathologists, LLC, or TCH. Mr. Federman alleged that the defendants' conduct in performing the autopsy constituted a breach of contract, intentional or negligent infliction of emotional distress, tortious interference with a dead body, a trespass against property, and negligence. He further alleged that the defendants had fraudulently concealed the autopsy report, and that the defendants had acted in bad faith, thereby subjecting themselves to punitive damages.

{¶9} Simultaneous with the filing of his complaint, Mr. Federman filed a motion for a declaratory judgment. He sought a declaration from the trial court that the claims in his complaint were not "medical claims" as defined under R.C. 2305.113(E)(3) and therefore not subject to the requirement of Civ.R. 10(D)(2) that his complaint contain an affidavit of merit from an expert witness. Mr. Federman also filed a motion for an extension of time to file an affidavit of merit.

{¶10} The defendants, with the exception of TCH and Dr. Hazenfield, who filed a notice of demand for a dismissal pursuant to R.C. 2323.42(D), filed motions to dismiss the complaint under Civ.R. 12(B)(6). The trial court dismissed the complaint and overruled Mr. Federman's motion for a declaratory judgment. At that time, Mr. Federman filed objections to an entry proposed by the defendants. He also filed a motion for findings of fact and conclusions of law with respect to the court's dismissal and its denial of his motion for a declaratory judgment.

{¶11} The trial court journalized its judgment overruling the motion for a declaratory judgment and dismissing Mr. Federman's complaint. This appeal followed.

### *Dismissal was Proper*

{¶12} App.R. 12(A)(2) allows this court to disregard an assignment of error presented for review if the party raising it fails to argue the assignment separately in the brief, as required by App.R. 16(A). In his brief, Mr. Federman did not separately argue his assignments of error. However, because the assignments of error are interrelated and readily determined, we address them together.

{¶13} In six assignments of error, Mr. Federman argues that the trial court erred by: dismissing his claims against each of the defendants; failing to rule on his motion for an extension of time to file an affidavit of merit; failing to state whether the dismissal was with prejudice; overruling his motion for a declaratory judgment; entering judgment without first ruling on his objections to an entry proposed by the defendants or his motion for findings of fact and conclusions of law; and failing to state its reasons for the dismissal.

{¶14} In his complaint, Mr. Federman asserted that the defendants had breached a contract to perform a complete autopsy, or, alternatively, that they had negligently or intentionally breached their duty to perform a complete and unrestricted autopsy. However, no contract existed between the parties. Mr. Federman's authorization to do a full autopsy did not create an obligation for the defendants to do so.

{¶15} And, even construing the facts alleged in the complaint in Mr. Federman's favor, the record does not support his claim for negligent infliction of emotional distress because he neither witnessed a dangerous accident nor was subjected to actual physical peril. *See Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 162-163, 677 N.E.2d 308 (1997), citing *Heiner v. Moretuzzo*, 73 Ohio St.3d 80, 85-87, 652 N.E.2d 664 (1995). As for intentional infliction of emotional distress, the complaint does not allege conduct by the defendants that could be said to have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Yeager v. Local Union 20,* 6 Ohio St.3d 369, 374-375, 453 N.E.2d 666 (1983); *Kulch, supra.*

{¶16} Similarly, the record does not support Mr. Federman's allegations that the alteration of the authorization form led to an unauthorized autopsy, or that the autopsy itself constituted a trespass to property. The complaint alleges that the defendants failed to perform a complete autopsy as authorized, not that they exceeded the scope of his authorization. Mr. Federman has not shown that this failure constituted the alleged torts.

{¶17} Mr. Federman alleged that the defendants engaged in a fraudulent concealment of the autopsy report. However, even accepting the complaint's facts as true, the hospital only delayed giving him the report; the hospital did not conceal it.

{¶18} Because Mr. Federman's complaint failed to set forth a claim that would entitle him to relief, the complaint was properly subject to dismissal under Civ.R. 12(B)(6).

{¶19} In addition, Mr. Federman failed to plead a claim for declaratory judgment. A court is not required to give an advisory opinion to a litigant as to how to he should plead or try his case.

{¶20} Finally, we address Mr. Federman's argument that the trial court failed to rule on his motions for an extension of time and for findings of fact and conclusions of law. When a trial court fails to specifically rule on a motion, we presume it to have been overruled. *See Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 13.

And we cannot say that the overruling of Mr. Federman's motion for an extension of time to file an affidavit of merit was an abuse of discretion because the court was not required to render an advisory opinion as to whether his claims were medical claims. Also, "when a court dismisses a complaint pursuant to Civ.R. 12(B)(6), it makes no factual findings beyond its legal conclusion that the complaint fails to state a claim upon which relief can be granted. Thus, the court does not assume the role of factfinder and has no duty to issue findings of fact and conclusions of law." *State ex rel. Drake v. Athens Cty. Bd. of Elections*, 39 Ohio St.3d 40, 41, 528 N.E.2d 1253 (1988); Civ.R. 52.

{¶21} Consequently, we hold that the trial court's dismissal of the complaint was proper. We overrule the assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**DINKELACKER** and **DEWINE, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.