[Cite as *Bringman v. McGann*, 2017-Ohio-8153.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| WILLIAM PAUL BRINGMAN | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Appellant | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 17 CA 000006 |
| STEVEN CHRISTOPHER MCGANN, | |
| Guardian of the Person and Estate of | |
| BARBARA JEAN BRINGMAN, An | O P I N I O N |
| Incompetent Person | |
| | |
| Appellee | |


| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No.  13 DV 02-0038 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 10, 2017 |


APPEARANCES:

| For Plaintiff-Appellant | For Former Law Firm |
| WILLIAM PAUL BRINGMAN | ADAM B. LANDON |
| 7100 North High Street | KIM M. ROSE |
| Suite 101 | ELISABETH A. CHORDAS |
| Worthington, Ohio  43085-2316 | CRITCHFIELD, CRITCHFIELD |
| | & JOHNSTON LTD. |
| | 10 South Gay Street, P.O. Box 469 |
| | Mount Vernon, Ohio  43050 |

*Wise, J.*

{¶1} Appellant William Paul Bringman, an attorney in Worthington, Ohio, appeals a post-decree decision of the Knox County Court of Common Pleas, Domestic Relations Division, which denied his motion for frivolous conduct against his former wife's guardian, her attorney, and her attorney's law firm. The relevant facts leading to this appeal are as follows.

{¶2} Appellant William P. Bringman, and Appellee Barbara J. Bringman (hereinafter "Barbara") were married on October 15, 1977.

{¶3} Appellant, on his own behalf, filed a complaint for divorce in the Knox County Court of Common Pleas, Domestic Relations Division, on February 28, 2013. Barbara, with the assistance of prior counsel, filed an answer to the complaint on March 28, 2013. However, said counsel thereafter filed for leave to withdraw from representation. The trial court granted the leave to withdraw on July 22, 2013.

{¶4} The matter was ultimately set for trial on April 17, 2014. On that day, the trial went forward, even though Barbara did not appear.

{¶5} On April 17, 2014, the trial court issued a judgment entry/decree of divorce. In the entry, the trial court ordered that the marital residence and most of the marital household goods were to be sold at public auction, "over which sale the court retains jurisdiction for purposes of this decree." Judgment Entry, Decree of Divorce, April 17, 2014. The proceeds of the sale were to satisfy the marital indebtedness, including additional 2012 income taxes. The trial court held, "[i]f there is no such deficiency owed or there is an excess of said proceeds left after the satisfaction of said deficiency, said amount is awarded to [Barbara] free and clear of any claims of [Appellant]." Judgment

Entry, Decree of Divorce, April 17, 2014,at 3. The trial court did not award spousal support and did not retain jurisdiction over that issue. Neither appellant nor Barbara appealed the April 17, 2014 judgment entry/decree of divorce.

{¶6} After the judgment entry of divorce, the trial court issued numerous post-decree orders regarding the sale of the marital home at auction. The trial court at various points found Barbara was not complying with the orders of the court as to the auction of the marital home. However, the marital home and contents were sold at auction on April 25, 2015.

{¶7} On July 13, 2015, the trial court issued a post-decree order, finding that because the marital home and contents were sold, it was necessary for the trial court "to make an equitable distribution of the net marital assets and pursuant to that effort the final decree values thereof need to be determined." Furthermore, a hearing was set for August 14, 2015 for the purpose of distributing the proceeds from the sale of the marital home.

{¶8} Attorneys Steven McGann and Clinton Bailey appeared in court for said hearing. They informed the trial court that pursuant to the orders of the Knox County Court of Common Pleas, Probate Division, dated August 11, 2015, Attorney McGann was serving as the court-appointed guardian of Barbara's person and estate and Attorney Bailey was serving as Barbara's court-appointed attorney. Tr., August 14, 2015, at 3-6. Attorney Bailey advised the trial court at that time that Barbara had "significant health concerns warranting the guardianship being placed." *Id.* at 5.[1]

{¶9} On August 17, 2015, the trial court issued a judgment entry, noting in pertinent part that due to their recent appointments, Attorney McGann, as guardian, and

---

[1] Attorney Bailey formally filed a notice of appearance on September 25, 2015.

Attorney Bailey, as legal counsel, had requested time to review the history of the divorce action. The trial court therefore set the matter for a "final resolution" hearing on September 28, 2015. The court further ordered that "Mr. McGann and Mr. Bailey shall have until the time of the hearing *** to review the case file and take any further action with respect to this matter as they deem appropriate based upon their review."

{¶10} The trial court thereafter continued the September 28, 2015 hearing to October 14, 2015.

{¶11} On October 13, 2015, Attorney Bailey, on behalf of Barbara, filed a motion for reconsideration pursuant to Civ.R. 54(B) or, in the alternative, Civ.R. 60(B)(5). Barbara therein requested the trial court reconsider its determination of the marital and separate property. Barbara specifically asked the trial court to determine whether mortgage payments upon what appellant claimed to be separate property should have been counted as marital property. Barbara claimed that upon investigation, it was determined that appellant had made mortgage payments during the marriage in the amount of $476,936.99.

{¶12} The trial court issued a judgment entry on October 19, 2015, stating that the matter was before the court for "finalization of this divorce case." The court noted that Barbara, via counsel, had filed her aforesaid motion for reconsideration. The trial court gave appellant time to respond to the motion, ordered the parties to mediation, and ordered a follow-up hearing for December 15, 2015.

{¶13} On November 16, 2015, appellant filed (1) a motion to dismiss Barbara's motion for reconsideration, and (2) a response to said motion for reconsideration.

**{¶14}** On November 25, 2015, Attorney Bailey, on behalf of Barbara, filed a motion to substitute Attorney McGann, as guardian of Barbara's person and estate, as the defendant in the divorce case. On the same day, Attorney Bailey also filed a memorandum in opposition to appellant's above motion to dismiss.

**{¶15}** On January 5, 2016, the trial court addressed Barbara's motion for reconsideration. The trial court found the April 17, 2014 judgment entry was not a final order and therefore the court could revise its orders or reconsider matters brought to the trial court's attention. As a result, the alternate remedy of a 60(B) motion for relief from judgment was not considered by the trial court. The matter was then set for a "final pretrial" on January 28, 2015 [*sic*].

**{¶16}** On the same day, the trial court granted the motion to substitute Attorney McGann, as guardian, as the party-defendant.

**{¶17}** Appellant filed a notice of appeal on January 25, 2016. Appellant therein argued that the trial court had erred in rendering its judgment of January 5, 2016 pertaining to the substitution of parties and its judgment entry of January 5, 2016 pertaining to the motion for reconsideration. *See Bringman v. Bringman*, 5th Dist. Knox No. 16CA01, 2016-Ohio-7514 ("*Bringman I*").

**{¶18}** Barbara passed away on or about March 23, 2016. Attorney Bailey, as counsel for Barbara, filed a notice of death and suggestion of stay with this Court on April 13, 2016. Counsel then filed a motion in this Court to withdraw from representation on May 19, 2016. On June 1, 2016, we granted the motion to withdraw.

**{¶19}** Attorney McGann, as guardian for Barbara, did not file an appellee's brief in *Bringman I*.

**{¶20}** In our decision in *Bringman I*, issued on October 27, 2016, we first concluded that in the April 17, 2014 judgment entry of divorce, the trial court had disposed of all marital and separate property and that the sale of the marital home and its contents was ordered to effectuate the distribution of the marital assets. We therefore held that the April 17, 2014 judgment entry of divorce was a final order. *Id.* at ¶ 29. We next found that although the trial court had considered Barbara's motion of October 13, 2015 under Civ.R. 54(B) because it had determined the judgment entry of divorce was not a final order, the trial court should have considered Barbara's alternative argument as to vacating the divorce decree pursuant to Civ.R. 60(B). *Id.* at ¶ 30 - ¶ 31. We therefore vacated the January 5, 2016 judgment entry granting the motion for reconsideration, and remanded the matter to the trial court to consider the October 13, 2015 motion as a 60(B) motion for relief from judgment. Finally, we found appellant's assigned error as to the trial court's ruling on the motion for substitution to be moot. *See id.* at ¶ 34 - ¶ 38.

**{¶21}** As previously noted, while the aforesaid appeal was pending, counsel for Barbara, Attorney Bailey, was allowed to withdraw from the appellate case. However, he did not seek leave to do so in the trial court. On February 8, 2017, Attorney Bailey's law firm, via a different attorney, filed a motion for leave to withdraw. The firm was granted permission to do so by the trial court on February 14, 2017.

**{¶22}** Following our remand in *Bringman I*, the trial court set a hearing for March 6, 2017.

**{¶23}** Also, on March 1, 2017, appellant filed a motion to dismiss for the failure of a motion to substitute Barbara with a personal representative of her estate, arguing that

this had to be filed within ninety days of the filing of the suggestion of death, which had occurred on November 21, 2016 in reference to Barbara's death in March 2016.

**{¶24}** The record does not reflect what, if anything, occurred at the March 6, 2017 hearing scheduled for the remanded Civ.R. 60(B) issue. However, on the same day, in regard to the aforesaid motion to dismiss by appellant, the trial court, despite our holding in *Bringman I* that the divorce was a final order, entered that "the within cause shall be and is ordered dismissed ***."

**{¶25}** On March 30, 2017, appellant filed a motion for a frivolous conduct award against Attorney McGann, Attorney Bailey, and the law firm of Critchfield, Critchfield & Johnston, Ltd. (Attorney Bailey's former law firm).

**{¶26}** On April 3, 2017, the trial court denied the motion, without a hearing being conducted.

**{¶27}** On April 28, 2017, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶28}** "I. THE TRIAL COURT ERRED IN DISMISSING THE MOTION OF APPELLANT FOR A FRIVOLOUS CONDUCT AWARD HEREIN."

I.

**{¶29}** In his sole Assignment of Error, appellant contends the trial court erred in dismissing his motion seeking an award for alleged frivolous conduct against Attorney McGann, Attorney Bailey, and the law firm of Critchfield, Critchfield & Johnston, Ltd. We disagree.

**{¶30}**  Appellant based his frivolous conduct motion on R.C. 2323.51(B)(1), which

states as follows:

> Subject to divisions (B)(2) and (3), (C), and (D) of this section and
> except as otherwise provided in division (E)(2)(b) of section 101.15 or
> division (I)(2)(b) of section 121.22 of the Revised Code, at any time not
> more than thirty days after the entry of final judgment in a civil action or
> appeal, any party adversely affected by frivolous conduct may file a motion
> for an award of court costs, reasonable attorney's fees, and other
> reasonable expenses incurred in connection with the civil action or appeal.
> The court may assess and make an award to any party to the civil action or
> appeal who was adversely affected by frivolous conduct, as provided in
> division (B)(4) of this section.[2]

**{¶31}**  Frivolous conduct is statutorily defined as conduct that (1) serves merely to

harass or maliciously injure another party to the civil action or appeal or is for another

improper purpose, including, but not limited to, causing unnecessary delay or a needless

increase in the cost of litigation; (2) conduct that is not warranted under existing law, or

cannot be supported by a good faith argument for an extension, modification, or reversal

---

[2]   Although the briefs before us do not explore the issue, our research reveals at least two Ohio appellate cases recognizing frivolous conduct sanctions in regard to Civ.R. 60(B) proceedings. *See Haney v. Trout*, 10th Dist. Franklin No. 00-AP-1448, 2002-Ohio-564; *Haupricht v. Davis Farm Services, Inc.*, 6th Dist. Fulton No. F-97-022, 1998 WL 46365. However, we note appellant's motion in the case *sub judice* did *not* rely on R.C. 3105.73(B), which states: "In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. ***."

of existing law, or cannot be supported by a good faith argument for the establishment of new law; or (3) conduct that consists of allegations that have no evidentiary support. *Carbone v. Nueva Construction Group, L.L.C.*, 8th Dist. Cuyahoga No. 103942,2017-Ohio-382, ¶ 21, citing R.C. 2323.51(A)(2)(a).

**{¶32}** We have recognized that "[n]o single standard of review applies in R.C. 2323.51 cases." *Croxton v. Maggiore*, 5th Dist. Stark No. 2016CA00165, 2017-Ohio-1535, ¶ 68, citing *Wiltberger v. Davis,* 110 Ohio App.3d 46, 51, 673 N.E.2d 628 (10th Dist.1996). A determination that the conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. *Croxton*, *supra*, citing *Ferron v. Video Professor, Inc.*, 5th Dist. Delaware No. 08–CAE–09–0055, 2009-Ohio-3133, ¶ 44. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. *Id.* However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations and will not disturb such factual determinations where the record contains competent, credible evidence to support such findings. *Id.* A trial court's decision on whether to actually award sanctions under R.C. 2323.51 is reviewed under a standard of abuse of discretion. *See State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 957 N.E.2d 19, 2011-Ohio-5350, ¶ 11.

**{¶33}** In sum, as pertinent to the present appeal, "a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim." *Breen v. Total Quality Logistics*, 10th Dist. Franklin No. 16AP–3, 2017-Ohio-439, ¶ 17 (additional citations omitted).

*Necessity of a Hearing*

**{¶34}** A trial court is required to conduct an evidentiary hearing before imposing sanctions under R.C 2323.51. *Evans v. Quest Diagnostics*, 1st Dist. Hamilton No. C–140479, 2015-Ohio-3320, ¶ 19. In other words, an evidentiary hearing is only required if attorney fees are ultimately awarded. *See McKinney v. Aultman Hosp.,* 5th Dist. Stark No. CA-8603, 1992 WL 100451. Thus, if the motion lacks merit, whether the party against whom it is directed responds or not, then no hearing date need be set in order for the trial court to deny the motion. *Id.* (Citation omitted).

**{¶35}** In light of our analysis *infra,* at this juncture we reject appellant's initial claim that it was error *per se* for the trial court to deny his motion for frivolous conduct sanctions without holding a hearing.

*Analysis*

**{¶36}** In the present case, the record indicates that Barbara's guardian and attorney both became concerned that significant discrepancies in the valuation of real property impacting the parties' property division may have existed, including, as referenced in the trial court's judgment entry of January 5, 2016, the potential non-disclosure of more than $400,000.00 in mortgage payments and undervaluing of an asset later selling for $1,100,000.00. This was in the context of a divorce during which Barbara's physical and mental health condition apparently was in rapid decline as the case evolved. Faced with a decree of divorce that was rather ambiguous as to the ultimate distribution of marital property, Attorney Bailey attempted to cover all bases by filing a motion either to reconsider a non-final pending divorce or vacate portions of a final decree. In *Bringman I*, while we rejected the trial court's determination that the parties' divorce decree of April

17, 2014 was non-final, we were at least persuaded to remand the matter to the trial court to consider the October 13, 2015 motion as a motion for relief from judgment. While we are at a loss to explain why no follow-up occurred on behalf of Barbara or her estate after our previous remand, we cannot clearly conclude that no reasonable lawyer could have pursued a Civ.R. 54(B) and/or Civ.R. 60(B) remedy to protect the interests of his or her client under the circumstances of the present case. *Breen, supra.*

**{¶37}** Accordingly, we hold the trial court did not err or abuse its discretion in denying appellant's request for sanctions under R.C. 2323.51. Appellant's sole Assignment of Error is overruled.

**{¶38}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Knox County, Ohio, is affirmed.

By: Wise, J.

Delaney, P. J., and

Baldwin, J., concur.

JWW/d 0922