[Cite as *Phillips v. Ratchet Automotive & Performance*, 2021-Ohio-1033.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

David Phillips,                                  :

    Plaintiff-Appellant,              :

                                         No. 19AP-399

v.                                                      :     (C.P.C. No. 17CV-7182)

Ratchet Automotive and Performance et al.,  :     (REGULAR CALENDAR)

    Defendants-Appellees.             :

---

D E C I S I O N

Rendered on March 30, 2021

---

**On brief:** *Doucet Sterling Co., LPA*, and *John A. Zervas*, for appellant. **Argued:** *Emily Valandingham*.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, David Phillips, appeals from a judgment of the Franklin County Court of Common Pleas, granting a default judgment in appellant's favor on his claim under the consumer sales practice act and awarding damages, but omitting an award of reasonable attorney fees. For the reasons that follow, we reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 9, 2017, appellant filed a complaint against several defendants, including Rachet Automotive and Performance, Twisted Performance and Custom Fabrication, Jesse Lee, and Dustin Moore alleging claims for relief under the Ohio Consumer Sales Practices Act ("CSPA") for both deceptive and unconscionable practices, fraud, negligence, and fraudulent transfer. All of appellant's claims arise out of defendants' costly and unsuccessful efforts to install a supercharger in appellant's Dodge Charger SRT8 automobile. The complaint sought "reasonable attorney's fees incurred in this action" by

reason of unfair and deceptive practices and unconscionable acts "knowingly" committed by defendants. (Compl. at ¶ 91, 103.) Appellant's prayer sought both equitable and monetary relief including "compensatory damages and punitive damages and recovery of * * * expenses including, attorney fees and costs." (Compl. at 26.)

{¶ 3} On February 13, 2018, appellant moved the trial court, pursuant to Civ.R. 55, for a default judgment against all named defendants. In appellant's motion for default judgment, appellant set forth a prayer for relief which included the following:

> A. Actual compensatory damages [in the amount of $14,901.54 as presented at the April 17, 2018] damages hearing;
>
> B. Treble damages under R.C. 1345.09(B) in [the] amount [of $44,704.62] (three (3) times the amount listed in A);
>
> C. Non-economic damages in the amount of $5,000.00 pursuant to R.C. 1345.09(B) * * *;
>
> D. Punitive damages in [the] amount of [$29,803.08] pursuant to 2315.21(C);
>
> E. *Reasonable Attorney Fees and fees by paralegals in an amount to be determined following judgment.*

 (Emphasis added.) (Feb. 13, 2018 Mot. for Default Jgmt. at 24.)

{¶ 4} On March 6, 2018, the trial court referred the matter to a magistrate for a hearing. At the evidentiary hearing before the magistrate, appellant's attorney presented appellant's testimony and numerous exhibits in support of the allegations in the complaint.

{¶ 5} On April 23, 2018, the magistrate issued a decision on appellant's motion for default judgment that stated in relevant part:

> 4. The Magistrate finds and concludes that incorrect naming of Rachet Automotive and Performance as a defendant in this case, instead of Ratchet Auto & Performance, LLC, was an inadvertent misnomer of a party that may be corrected through an amendment to plaintiff's complaint and that the correction should relate back to the original pleading and not be affected by any intervening statute of limitation.
>
> 5. The Magistrate finds and concludes that Plaintiff's motion for default judgment should be denied. The Magistrate finds and concludes that the Court should grant plaintiff leave to amend his complaint in any entry denying the motion for default judgment, without the necessity of filing a motion to amend, and that plaintiff should be given a reasonable period

> of time of up to six (6) months to obtain service of the amended complaint on all of the defendants.
>
> * * *
>
> 7. The Magistrate finds and concludes that an evidentiary hearing on any motion for default judgment filed against one or more defendants in the future after service of the amended complaint should not be necessary pursuant to Civil Rule 55 with regard to the issues of plaintiff's damages and the establishment of the truth of any averment by evidence, so long as there are not any changes to the allegations, claims, and prayer for relief asserted in plaintiff's amended complaint. The Magistrate anticipates being able to issue a decision on any motion for default judgment pursuant to Civil Rule 55 with regard to plaintiff's request for damages and the truth of any averment by evidence, based upon the evidence offered at the April 17, 2018 evidentiary hearing.

(April 20, 2018 Mag.'s Decision at 5-6.)

{¶ 6} As evidenced by the magistrate's decision, the magistrate denied the motion for default judgment and made no determination of defendants' liability or damages. Appellant did not file an objection to the magistrate's decision and, on May 1, 2018, the trial court issued an entry adopting the magistrate's decision. The trial court's May 1, 2018 entry provides in relevant part as follows:

> [P]laintiff is granted leave to amend his complaint without the necessity of filing a motion to amend. * * * Only a new, corrected summons needs to be issued to Ratchet Auto & Performance, LLC and served in connection with service of the amended complaint on all of the defendants. * * *
>
> * * *
>
> * * * [P]rovided there are no changes to the allegations, claims, and prayer for relief asserted in the amended complaint, an evidentiary hearing on any motion for default judgment filed against one or more defendants in the future after service of the amended complaint should not be necessary pursuant to Civil Rule 55 with regard to the issues of plaintiff's damages and the establishment of the truth of any averment by evidence.

(May 1, 2018 Entry at 1-2.)

{¶ 7} On May 7, 2018, appellant filed an amended complaint and subsequently obtained valid service on Ratchet Auto & Performance, LLC. The amended complaint

contained the same allegations and sought the same relief as the complaint. When none of the defendants filed an answer to the amended complaint or otherwise made an appearance in the case, appellant moved the trial court for default judgment. Appellant's October 2, 2018 motion for default judgment, once again, contained a prayer for: "Reasonable Attorney Fees and fees by paralegals in an amount to be determined following judgment." (Oct. 2, 2018 Mot. for Default Jgmt. at 6.)

{¶ 8} On November 29, 2018, the trial court issued an order referring the motion for default judgment to a magistrate and scheduling a non-oral hearing before a magistrate on the motion for December 21, 2018. Even though the trial court had referred the matter to a magistrate for a non-oral hearing, no such hearing took place. Instead, the trial court issued an entry on May 23, 2019, granting appellant judgment by default against all defendants, jointly and severally. The trial court awarded monetary damages to appellant as follows:

> 4. Plaintiff has sufficiently proven his entitlement to damages as follows:
>
> a. As to Count One for violation of R.C. 1345.02, Count Two for violation of R.C. 1345.03, and Count Four for negligence, the Court finds in favor of Plaintiff and against Defendants Ratchet Auto and Performance LLC; Twisted Performance and Custom Fabrication LLC, as successor to Ratchet Auto and Performance LLC; Jesse Lee; and Dustin Moore; jointly and severally in the amount of $13,648.14 in compensatory damages, treble damages in the amount of $40,944.42 pursuant to R.C. 1345.09(B) for the violations of R.C. 1345.02 and R.C. 1345.03, and non-economic damages in the amount of $5,000.00 pursuant to R.C. 1345.09(B) for the violations of R.C. 1345.02 and R.C. 1345.03, plus statutory interest and court [sic].
>
> * * *
>
> c. *No evidence has been presented or received as to the amount and reasonableness of Plaintiffs attorney fees. Accordingly, Plaintiff has failed to prove the amount of attorney fees recoverable under R.C. 13345.09(F) [sic].*

(Emphasis added.) (May 23, 2019 Jgmt. Entry at 2-3.)

{¶ 9} On June 24, 2019, appellant filed a motion in the trial court, pursuant to Civ.R. 60(B), seeking to vacate the May 23, 2019 judgment entry and compel the trial court to consider appellant's motion for attorney fees, which was also filed June 24, 2019. On

that same date, appellant filed a notice of appeal to this court from the May 23, 2019 judgment.

{¶ 10} On August 8, 2019, this court granted appellant's motion to stay the appeal and we remanded the matter to the trial court "for the limited purpose of allowing that court to rule upon appellant's pending motion for relief from judgment." *David Phillips v. Ratchet Automotive and Performance et al.*, 10th Dist. No. 19AP-399 (Aug. 8, 2019) (Journal Entry). The trial court subsequently denied appellant's Civ.R. 60(B) motion and on September 24, 2020, appellant filed an amended notice of appeal. We re-activated this appeal February 27, 2020.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Appellant assigns the following as trial court error:

> [1.] WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR AN AWARD OF ATTORNEY'S FEES PURSUANT TO THE CONSUMER SALES PRACTICES ACT.

> [2.] WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE.

## III. STANDARD OF REVIEW

{¶ 12} This court generally reviews a trial court's decision on a prayer for attorney fees under an abuse of discretion standard. *Williams v. Gray Guy Group., L.L.C.,* 10th Dist. No. 16AP-321, 2016-Ohio-8499, ¶ 44. *See also Hamilton v. Ball*, 4th Dist. No. 13CA3533, 2014-Ohio-1118, ¶ 78. Where a court is empowered to award attorney fees by statute, the amount of attorney fees is within the sound discretion of the trial court. *Williams* at ¶ 44, citing *Bittner v. Tri-Cty. Toyota, Inc.,* 58 Ohio St.3d 143, 146 (1991). An abuse of discretion is " 'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Luft v. Perry Cty. Lumber & Supply Co.,* 10th Dist. No. 02AP-559, 2003-Ohio-2305, ¶ 30, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Luft* at ¶ 30, citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

## IV.  LEGAL ANALYSIS

### A. First Assignment of Error

{¶ 13}  In appellant's first assignment of error, appellant contends that the trial court erred in failing to award reasonable attorney fees under the CSPA. We agree.

{¶ 14}  "Ohio generally follows the 'American rule' for the recovery of attorney fees: 'a prevailing party in a civil action cannot recover attorney fees as part of the costs of the litigation.' " *Gianetti v. Teakwood, Ltd.,* 10th Dist. No. 17AP-606, 2018-Ohio-1621, ¶ 10, quoting *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 7.  Here, an award of attorney fees to the prevailing party in an action brought pursuant to the CSPA is authorized by R.C. 1345.09(F) which provides in relevant part that "[t]he court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed * * * if * * * [t]he supplier has knowingly committed an act or practice that violates this chapter."  R.C. 1345.09(F)(2).

{¶ 15}  By entering judgment for appellant as to Counts One and Two of the amended complaint, the trial court found that the named defendants knowingly engaged an unfair and deceptive trade practice, committed an unconscionable act or practice when they "knew at the time the consumer transaction was entered into of the inability of [appellant] to receive a substantial benefit from the subject of the consumer transaction," in violation of R.C. 1345.03(B)(3), and "knowingly made a misleading statement of opinion on which [appellant] was likely to rely to [his] detriment," in violation of R.C. 1345.03(B)(6). (May 7, 2018 Am. Compl. at ¶ 92-103.)

{¶ 16}  The CSPA is a remedial law designed to compensate for traditional consumer remedies and must be liberally construed. *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 29 (1990), citing R.C. 1.11.  Under the CSPA, "[t]he correct measure of damages is the amount necessary to place the non-breaching party in the same position they would have been had the breaching party fully performed, the idea being to make the non-breaching party whole." *Williams* at ¶ 28, citing *White Oak Communities v. Russell*, 10th Dist. No. 98AP-1563 (Nov. 9, 1999), citing *F. Ents., Inc. v. Kentucky Fried Chicken Corp.*, 47 Ohio St.2d 154 (1976).  In keeping with the remedial intent of the statute, this court has stated that an award of attorney fees to the consumer in an action brought pursuant to CSPA serves the purpose to "make private enforcement of the CSPA attractive to consumers who

otherwise might not be able to afford or justify the cost of prosecuting an alleged CSPA violation, which, in turn, works to discourage CSPA violations in the first place via the threat of liability for damages *and* attorney fees."  (Emphasis added.)  *Luft* at ¶ 42.  " 'Prohibiting private attorneys from recovering for the time they expend on a consumer protection case undermines both the purpose and deterrent effect of the Act.' "  *Luft* at ¶ 41, quoting *Bittner* at 765-66.

{¶ 17}  Civ.R. 55 governing entry of default judgment provides in relevant part as follows:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶ 18}  Under Civ.R. 55, the trial court has discretion to conduct an evidentiary hearing on any issue as it deems necessary and proper.  Appellant argues that the issue of attorney fees is customarily presented to the trial court by motion after a determination of liability and damages, and that the trial court erred by deciding the issue of liability, damages, and attorney fees in a single proceeding.  Appellant claims that R.C. 1345.09 requires a separate evidentiary hearing on the issue of attorney fees because the language of the statute authorizes an award of attorney fees only to the "prevailing party."  R.C. 1345.09(F).

{¶ 19}  A separate proceeding to determine a reasonable attorney fees is clearly necessary when a claim under the CSPA is tried to a jury, as only "[t]he court may award to the prevailing party a reasonable attorney's fee."  R.C. 1345.09(F); *Luft* at ¶ 7 (After the jury found in favor of the consumer and awarded a sum of compensatory and punitive damages, the trial court, upon the consumer's motion, issued an order trebling damages against defendants, finding the consumer was entitled to attorney fees, and scheduling an evidentiary hearing to determine the amount of attorney fees.).  The CSPA is silent, however, as to the manner in which reasonable attorney fees are to be determined by the trial court and appellant has not cited any case law requiring the trial court to conduct a separate evidentiary hearing on the issue of attorney fees under the CSPA.  Nor is there any

language in Civ.R. 55 expressly permitting or prohibiting a trial court from conducting a separate hearing in the issue of attorney fees. *See Patrick v. Hilock Auto Sales*, 10th Dist. No. 12AP-48, 2012-Ohio-4076, ¶ 3-6 (The trial court granted a motion for default judgment in favor of the consumer, referred the issue of damages to a magistrate and then, following the determination of damages, held a separate hearing on the consumer's motion for attorney fees.).

{¶ 20} In *Crawford v. Bill Swad Chevrolet, Inc.*, 10th Dist. No. 00AP-188 (Sept. 19, 2000), the consumer moved the trial court for default judgment on a CSPA claim. One of the issues for this court was whether the trial court erred when it calculated the award of attorney fees to the consumer based solely on the consumer's testimony at the default judgment hearing that she agreed to pay her attorney a contingent fee of 40 percent. In resolving the issue, this court engaged in the following analysis:

> The issue of attorney fees in cases under the Consumer Sales Practices Act has been addressed by the Supreme Court in *Bittner v. Tri-County Toyota, Inc.* (1991), 58 Ohio St. 3d 143, 569 N.E.2d 464. The Supreme Court began by looking at the language of the applicable statute, R.C. 1345.09(F), which limits the attorney fee award to work "reasonably performed." *Id.* at 145. The Supreme Court stated, therefore, that the most useful starting point in determining whether an award is reasonable is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Id.* Such provides an initial estimate of the value of an attorney's services. *Id.* Given this, a contingency fee agreement alone cannot be the basis for an attorney fees award.
>
> In fact, the Supreme Court held that when awarding attorney fees pursuant to R.C. 1345.09(F)(2), the trial court should first calculate the number of hours reasonably expended on the case multiplied by an hourly fee, and then the trial court may modify that calculation by application of the factors listed in DR 2-106(B). *Id.* at syllabus.[1]

*Crawford.*

{¶ 21} Given the requirements of the *Bittner* case, this court determined that the trial court erred in making the award of attorney fees because the consumer's testimony at the default judgment hearing was insufficient, standing alone, to support the trial court's

---

[1]"Prof.Cond.R. 1.5(a) superseded former DR 2-106, but the two rules are substantially the same." *Phoenix Lighting Group., L.L.C. v. Genlyte Thomas Grp., L.L.C.*, ___ Ohio St.3d ___, 2020-Ohio-1056, ¶ 12.

award of a reasonable attorney fees. Accordingly, the *Crawford* court reversed the judgment, but remanded the case to the trial court for a hearing "to determine whether reasonable attorney fees were warranted and if so, the amount of such fees in light of the principles set forth in *Bittner*." *Id.*

{¶ 22} Here, the trial court was aware that an award of attorney fees had been requested. The trial court's findings as a result of the default judgment hearing support an award of reasonable attorney fees based upon the knowing violations of the CSPA. Nothing in the trial court's judgment entry suggests that reasonable attorney fees would not have been awarded to appellant had appellant presented evidence to support a finding as to the reasonableness and necessity of those fees. To the contrary, the trial court refused to award attorney fees because appellant presented no evidence as to the amount and reasonableness of the fees, not because the trial court had determined, in the exercise of its discretion, that appellant should not receive an award of attorney fees.

{¶ 23} Appellant's motion for default judgment expressly stated that appellant intended to present evidence of "Reasonable Attorney Fees and fees by paralegals in an amount to be determined following judgment." (Oct. 2, 2018 Mot. for Default Jgmt. at 6.) Under Civ.R. 55 and R.C. 1345.09(F), the trial court had the discretion to conduct an evidentiary hearing on the issue of attorney fees or refer the matter to a magistrate. *Crawford*; *see also Patrick*, 2012-Ohio-4076, at ¶ 18 (The trial court granted a motion for default judgment in favor of the consumer, referred the issue of damages to a magistrate and then, following the determination of damages, held a separate hearing on the consumer's motion for attorney fees.). Even though the trial court referred appellant's October 2, 2018 motion for default judgment to a magistrate for a non-oral hearing on December 21, 2018, no such hearing was conducted by the magistrate. Instead, the trial court issued a judgment entry on May 23, 2019, granting the motion and awarding damages but denying appellant's prayer for attorney fees. Had a magistrate issued a decision on the motion as scheduled, appellant would have had the opportunity to object to any recommendation regarding attorney fees. Civ.R. 53(D)(3); *Williams*, 2016-Ohio-8499, at ¶ 6. When the trial court elected to rule on the motion and issued a judgment entry, however, appellant did not have that opportunity.

{¶ 24} We note that in denying appellant's motion for relief from judgment, the trial court stated that appellant "was given the opportunity to present evidence and testimony [of attorney fees] at the April 17, 2018 hearing before the magistrate and did not do so." (Aug. 26, 2019 Decision and Entry at 3.) The magistrate's April 23, 2018 decision and the trial court's May 1, 2018 judgment entry provide appellant with notice that appellant's "damages" would be determined based solely on the evidence submitted at the April 17, 2018 evidentiary hearing, but did not specify attorney fees would be determined. This court's decision in *Luft* makes it clear that reasonable attorney fees is not an element of a consumer's "compensatory damages" under the CSPA. *Id.* at ¶ 41-42. Thus, we do not agree that the trial court provided appellant with adequate notice that the issue of reasonable attorney fees would also be determined based on the evidence produced at the April 17, 2018 evidentiary hearing, particularly in light of appellant's motions for default judgment which sought "Reasonable Attorney Fees and fees by paralegals in an amount to be determined following judgment.*"* (Feb. 13, 2018 Mot. for Default Jgmt. at 24; Oct. 2, 2018 Mot. for Default Jgmt. at 6.)

{¶ 25} The abuse of discretion standard ordinarily affords maximum deference to the lower court, but "no court retains discretion to adopt an incorrect legal rule or to apply an appropriate rule in an inappropriate manner." (Internal quotations and citations omitted.) *2-J Supply Co., Inc., v. Garrett & Parker, LLC*, 4th Dist. No. 13CA29, 2015-Ohio-2757, ¶ 9. Given the distinct procedural history in this case, we find that the trial court abused its discretion when it summarily denied appellant's prayer for attorney fees under the CSPA. Under these circumstances, the trial court should have provided some notice to appellant of its intention to dispose of the entire case in a single proceeding, including damages and attorney fees. Accordingly, we sustain appellant's first assignment of error.

## B. Second Assignment of Error

{¶ 26} In appellant's second assignment of error, appellant contends that the trial court erred by denying his motion for relief from the May 28, 2019 judgment entry. Because we are reversing the May 28, 2019 judgment entry and remanding this case for further proceedings, we need not address appellant's challenge to the ruling on his motion to vacate that judgment. Accordingly, appellant's second assignment of error is moot. App.R. 12(A)(1)(c).

## V.  CONCLUSION

{¶ 27} Having sustained appellant's first assignment of error and having mooted appellant's second assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter for an evidentiary hearing to determine the amount of reasonable attorney fees and enter judgment accordingly.

*Judgment reversed and cause remanded.*

DORRIAN, P.J., and LUPER SCHUSTER, J., concur.

_____