[Cite as *Gianetti v. Teakwood, Ltd.*, 2018-Ohio-1621.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Charles Gianetti, | : | |
| Plaintiff-Appellant/ | : | No. 17AP-606 |
| Cross-Appellee, | | and |
| | : | No. 17AP-618 |
| v. | | (C.P.C. No. 14CV-2939) |
| | : | |
| Teakwood, Ltd., et al., | | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees/ | | |
| Cross-Appellants. | : | |

D E C I S I O N

Rendered on April 26, 2018

**On brief:** *Strip Hoppers Leithart McGrath & Terlecky Co., LPA,* and *Nelson E. Genshaft,* for appellant/cross-appellee. **Argued:** *Nelson E. Genshaft.*

**On brief:** *The Behal Law Group, LLC,* and *Jack D'Aurora* for appellees/cross-appellants. **Argued:** *Jack D'Aurora.*

APPEALS from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant/cross-appellee, Charles Gianetti, appeals from a judgment of the Franklin County Court of Common Pleas granting judgment in favor of defendants-appellees/cross-appellants, Teakwood, Ltd., 256 Enterprises, Inc., Heritage Resources, Inc., David W. Houze, and Todd Fentress, on appellees' motion for attorney fees. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} This matter began when appellant brought claims against appellees arising from appellant having a limited partnership interest in Discovery 76, which owned federally

subsidized rental properties in the Columbus area. In 1976, appellant invested approximately $61,000 in Discovery 76 primarily as a means to reduce his federal income tax liability over the years that followed. However, in the 1990s, changes in federal rules and regulations reduced or eliminated the tax advantages of the investment, and Discovery 76's management began to pursue actions that would limit the investors' exposure to additional tax liability or other financial loss. Ultimately, in a 2003 transaction, Discovery 76 transferred its interests in the rental properties to Teakwood, Ltd. After the transaction, the limited partners, including appellant, received an ownership interest in Teakwood, Ltd., and Discovery 76 ceased to exist. Appellant did not consent to this transaction, but his consent was not required because enough of the other limited partners approved it to authorize the action.

{¶ 3} In 2010, appellant retained attorney Joseph Piccin to possibly pursue legal action as a result of the 2003 transaction. Appellant maintained that the assets held by Discovery 76 should have been sold, with the proceeds being distributed to the investors. In December 2011, appellant initiated an action against appellees alleging misconduct in connection with the 2003 transaction, including breach of Discovery 76's partnership agreement. In March 2013, appellant voluntarily dismissed that action pursuant to Civ.R. 41(A)(1). Approximately one year later, appellant refiled his action against appellees, alleging, among other claims, breach of contract, accounting, and successor liability. As of January 2015, each of appellant's claims against appellees had been dismissed, either voluntarily or by court order, except for the three claims identified above. In March 2015, the trial court conducted a bench trial on appellant's remaining claims. At the conclusion of appellant's case, the trial court granted appellees' motion for involuntary dismissal pursuant to Civ.R. 41(B)(2).

{¶ 4} Appellant appealed the trial court's judgment, raising ten assignments of error. *Gianetti v. Teakwood, Ltd.*, 10th Dist. No. 15AP-413, 2016-Ohio-213. In January 2016, this court affirmed the judgment of the trial court granting appellees' motion for involuntary dismissal pursuant to Civ.R. 41(B)(2). *Id.* Each of appellant's ten assignments of error were either overruled or mooted based on the disposition of another assignment of error. *Id.* Appellant moved for reconsideration, which this court denied. Appellant then

appealed to the Supreme Court of Ohio, which declined to accept jurisdiction over the matter in September 2016.

{¶ 5} A few days before appellant filed his notice of appeal with this court, appellees filed a motion for attorney fees pursuant to R.C. 2323.51. Appellees asserted that appellant's frivolous conduct had caused them to incur approximately $62,000 in attorney fees and expenses. In June 2017, the trial court held an evidentiary hearing on appellees' R.C. 2323.51 motion. At the hearing, appellant, and the attorney who represented him in this matter from 2010 until 2014, testified. Based on its review of the entire record before it, including the evidence adduced at the June 2017 hearing, the trial court found that appellant had engaged in frivolous conduct, and that awarding attorney fees was appropriate under the circumstances. The trial court initially awarded appellees $19,976 in attorney fees. After the trial court filed its decision on the motion for attorney fees, but before it entered judgment, appellees moved for additional attorney fees based on documentation detailing attorney fees incurred in connection with the sanctions hearing in June 2017. Based on this additional documentation, the trial court awarded an additional $3,236 in attorney fees to appellees. Therefore, on July 25, 2017, the trial court entered judgment awarding $23,212 in attorney fees to appellees.

{¶ 6} Appellant and appellees timely appeal from the attorney fees award.

## II. Assignments of Error

{¶ 7} Appellant assigns the following errors for our review:

> [1.] The trial court erred as a matter of law by awarding fees to Appellees where there was no evidence to support its findings that (a) Appellant failed to heed the advice of his counsel and then proceeded with a baseless case and (b) the appeal filed by Appellant was frivolous.
>
> [2.] The trial court erred as a matter of law in awarding attorney's fees to Appellees for time spent defending the case in the Court of Appeals.
>
> [3.] The trial court erred as a matter of law in awarding fees for time spent by Appellees' counsel after their Motion for Attorney Fees was filed on April 10, 2015.

{¶ 8} Appellees assign the following error for our review:

The trial court erred in not awarding substantially all the attorney fees Defendants/Cross-Appellants had incurred from the date the first action was filed, Dec. 24, 2011.

## III. Discussion

{¶ 9} Appellant's three assignments of error and appellees' sole assignment of error all challenge the trial court's award of attorney fees to appellees in the amount of $23,212 pursuant to R.C. 2323.51. In his first assignment of error, appellant asserts the trial court erred in awarding fees to appellees because the evidence did not support the trial court's findings that he disregarded the advice of his counsel and proceeded forward with baseless claims and that he filed a frivolous appeal. Appellant's second assignment of error alleges that the trial court erred in awarding fees for time spent defending the case in the first appeal to this court. Appellant's third assignment of error contends the trial court erred in awarding fees for attorney time spent after appellees filed their motion for attorney fees. Conversely, appellees assign as error the trial court's decision not to award substantially all of the attorney fees they incurred from December 24, 2011, the date appellant first initiated this action against them. Based on the following, we find that each of these assignments of error is unavailing.

{¶ 10} Ohio generally adheres to the "American rule" in regard to the recovery of attorney fees: "a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 7. Attorney fees may be awarded to a prevailing party, however, when a statute specifically authorizes it. *Id.* Pursuant to R.C. 2323.51(B)(1), a court may award court costs, reasonable attorney fees, and other reasonable expenses to any party to a civil action who is adversely affected by "frivolous conduct." Prior to making such an award, the court must hold a hearing to determine: (1) whether the conduct at issue was frivolous, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) the amount of the award, if any. *Bennett v. Martin*, 10th Dist. No. 13AP-99, 2013-Ohio-5445, ¶ 17.

{¶ 11} As used in R.C. 2323.51, "conduct" includes "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action * * * or the taking of any other action in

connection with a civil action."  R.C. 2323.51(A)(1).  "Frivolous conduct" means the "conduct" of a party or the party's attorney that satisfies any of the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
>
> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
>
> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a).

{¶ 12}  The applicable standard of review in R.C. 2323.51 cases depends on "whether the trial court's determination resulted from factual findings or a legal analysis."  *John Breen v. Total Quality Logistics*, 10th Dist. No. 16AP-3, 2017-Ohio-439, ¶ 11.  Because a determination under R.C. 2323.51(A)(2)(a)(ii) is a legal determination, it is subject to de novo review.  *Id.*  However, determinations under R.C. 2323.51(A)(2)(a)(i), (iii), or (iv) are factual determinations and are therefore given deference.  *Id.*  These factual determinations will not be reversed if they are supported by competent, credible evidence.  *Id.*

{¶ 13} If a trial court finds frivolous conduct, the decision whether to assess a penalty lies within the sound discretion of that court.  *Judd v. Meszaros*, 10th Dist. No. 10AP-1189, 2011-Ohio-4983, ¶ 19.  The amount of attorney fees awarded may be equal to, or less than, the attorney fees reasonably incurred by a party.  R.C. 2323.51(B)(3).  Thus, the trial court's decision to assess, or not assess, an award of attorney fees for frivolous conduct is reviewed for an abuse of discretion.  *Scott v. Nameth*, 10th Dist. No. 16AP-64, 2016-Ohio-5532, ¶ 31.  An abuse of discretion connotes more than an error of law or

judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 14} Here, the trial court found that, no later than January 2015, appellant engaged in "frivolous conduct," as that term is defined in R.C. 2323.51(A)(2)(a)(i), (iii), and (iv). Appellant's primary contention against appellees was that they breached Discovery 76's partnership agreement by failing to sell the rental properties and distribute cash proceeds from such sales to the limited partners. This claim essentially ignores, however, the undisputed fact that Discovery 76 was created as a tax avoidance investment vehicle and that changes in federal rules and regulations in the 1990s regarding subsidized housing weighed heavily against any sale of the partnership's rental properties. Furthermore, the evidence demonstrated that during discovery, appellant's attorney received copies of consent forms signed by Discovery 76's limited partners approving the management recommended 2003 transaction, and he communicated his receipt of these forms to appellant. While appellant contends the trial court erred in finding he pursued claims completely void of evidentiary support, he fails to explain why, as of January 2015, he continued to have a factual basis to pursue his case. Instead of voluntarily dismissing his action against appellees after it became abundantly clear there was no evidentiary basis for his claims against appellees, appellant continued the litigation by taking the case to trial and then prosecuting an appeal, further driving up the attorney fees necessarily incurred by appellees. Because the record supports the trial court's finding that appellant engaged in frivolous conduct, appellant's first assignment of error is overruled.

{¶ 15} Regarding appellant's second assignment of error, we find as unpersuasive appellant's contention that the trial court erred as a matter of law in awarding to appellees attorney fees for time spent defending the trial court's judgment in the original appeal. In support of his argument, appellant cites *State ex rel. Ohio Dept. of Health v. Sowald*, 65 Ohio St.3d 338 (1992). However, in *Jackson v. Bellomy*, 10th Dist. No. 01AP-1397, 2002-Ohio-6495, this court considered and rejected essentially the same argument that appellant presents here. Although the *Sowald* case states that "R.C. 2323.51 does not contemplate awarding attorney fees for defending appeals of civil actions," that case involved an appeal from an appellate court judgment, not an appeal of a trial court's original judgment. *Jackson* at ¶ 57, citing *Sowald*. As noted in *Jackson* at ¶ 58, R.C. 2323.51(A)(1) defines

"conduct" to include "filing a civil action, the assertion of a claim, defense, or other position in connection with a civil action * * * or the taking *any other action in connection with a civil action*." (Emphasis added.) Based on this language, this court determined that application of the *Sowald* decision as to this issue should be limited to cases involving fees incurred in appeals to the Supreme Court of Ohio from appellate court judgments. *Jackson* at ¶ 57; *see Soler v. Evans, St. Clair & Kelsey*, 10th Dist. No. 04AP-314, 2006-Ohio-5402, ¶ 25, citing *Jackson*; *but see Early v. Toledo Blade Co.*, 6th Dist. No. L-11-1002, 2013-Ohio-404, ¶ 9-16 (finding that an award of attorney fees under R.C. 2323.51 is limited to fees incurred during trial court proceedings). Therefore, the trial court did not err in awarding attorney fees for time spent opposing appellant's appeal. Accordingly, appellant's second assignment of error is overruled.

{¶ 16} Appellant's third assignment of error is also without merit. According to appellant, the trial court erred in awarding attorney fees for fees incurred after appellees filed their motion in April 2015. Appellant argues that R.C. 2323.51 only applies retrospectively as of the date the motion is filed because the statute refers to fees "incurred." In support of this argument, appellant cites *Dudley v. Dudley*, 196 Ohio App.3d 671 (12th Dist.2011.) He asserts that the *Dudley* decision suggests that the statute only authorizes an award of attorney fees for fees incurred before the court reaches final judgment on the merits of the underlying claims. However, the *Dudley* case does not support appellant's argument. In *Dudley*, the court addressed the issue of the timeliness of a motion for attorney fees under R.C. 2323.51. *Id.* at ¶ 15. The *Dudley* court did not hold that a court may not award attorney fees that are incurred after the filing of an R.C. 2323.51 motion. Further, the Supreme Court has expressly indicated that an attorney fees award pursuant to R.C. 2323.51 "may include fees incurred in prosecuting a motion for sanctions." *Ron Scheiderer & Assocs. v. London*, 81 Ohio St.3d 94, 98 (1998). Because the trial court did not err in awarding attorney fees for fees incurred after the filing of appellees' R.C. 2323.51 motion, we overrule appellant's third assignment of error.

{¶ 17} Lastly, we are unpersuaded by appellees' sole assignment of error. Appellees argue the trial court erred in not awarding substantially all of the attorney fees they incurred in defending appellant's multiple actions against them. As discussed above, the record supports the trial court's determination that appellant engaged in frivolous conduct. Based

on its finding that appellant's decision to move forward with the case in January 2015 constituted frivolous conduct, the trial court awarded an amount corresponding to the attorney fees that appellees incurred after that point in time.  However, given our deferential standard of review, we will not disturb the trial court's finding that, until the matter was more thoroughly developed and investigated, there was a good faith basis to move forward with the case.  Moreover, even if appellant's conduct before January 2015 could be considered frivolous, the trial court acted within its discretion to award only a portion of the fees appellees incurred as a result of appellant filing his claims against them. *See* R.C. 2323.51(B)(3) (the amount of an award made under R.C. 2323.21(B)(1) "may be equal to or less than" the attorney fees that were reasonably incurred by a party).

{¶ 18} Therefore, appellees' sole assignment of error is overruled.

## IV.  Disposition

{¶ 19} Having overruled appellant's first, second, and third assignments of error, as well as appellees' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and HORTON, JJ., concur.