[Cite as *Middle West Spirits, L.L.C. v. Gemini Vodka, Ltd.*, 2021-Ohio-1503.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Middle West Spirits, LLC, :

    Plaintiff-Appellee, : No. 20AP-118
(C.P.C. No. 15CV-4310)

v. :

    (REGULAR CALENDAR)

Gemini Vodka, Ltd., et al., :

    Defendants-Appellants. :

D E C I S I O N

Rendered on April 29, 2021

**On brief:** *Porter, Wright, Morris & Arthur, Jay A. Yurkiw, Kathleen Trafford,* and *Ryan Graham*, for appellee. **Argued:** *Jay A. Yurkiw.*

**On brief:** *Leigh-Ann M. Sims*, for appellants.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendants-appellants, Gemini Vodka, Ltd., Leigh-Ann M. Sims, and Nicole D. McCormick, appeal from a decision and entry of the Franklin County Court of Common Pleas denying their combined motion for an award of attorneys' fees under R.C. 2323.51 and Civ.R. 11 against plaintiff-appellee, Middle West Spirits, LLC. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On May 20, 2015, Middle West Spirits, an Ohio distillery, filed a complaint against appellants alleging a violation of Ohio's Deceptive Trade Practices Act, breach of contract, defamation, fraud, and declaratory judgment. Pursuant to the complaint, Middle West Spirits alleged Sims and McCormick, the co-owners and co-founders of Gemini

Vodka, approached it in 2013 to discuss the idea of selling a vitamin-B and green tea extract infused vodka, and that Sims and McCormick sought the assistance of Middle West Spirits to create the product.  Sims has also served as counsel for Gemini Vodka.  In November 2013, Sims and McCormick entered into a mutual non-disclosure agreement ("NDA") with Middle West Spirits related to the development of the vodka product.

{¶ 3}  In February 2015, after some time spent in the research and development phase, Middle West Spirits informed appellants it was not going to manufacture or supply vodka for appellants to sell.  Middle West Spirits alleged in its complaint that appellants then engaged in a public campaign to disparage Middle West Spirits.  After attempting to resolve the matter privately, Middle West Spirits filed the instant complaint.  The five claims in the complaint related to Middle West Spirits' allegations that appellants (1) continued to publicly represent that Middle West Spirits would distill vodka products for them even after contract negotiations failed; (2) distributed samples of the vodka developed by Middle West Spirits during the research and development phase without the authorization of Middle West Spirits; (3) made false statements regarding Middle West Spirits' conduct during their relationship and about the state of their relationship going forward; (4) falsely represented to have completed the trademark process for their brand name at the time that appellants approached Middle West Spirits with their business proposal; and (5) falsely claimed to be the sole owner of the specific premix formulation Middle West Spirits developed to make infused vodka.

{¶ 4}  In response to the complaint, appellants asserted five compulsory counterclaims against Middle West Spirits, namely (1) violations of Civ.R. 11 and R.C. 2323.51; (2) trade secret misappropriation; (3) breach of contract; (4) tortious interference with contractual and business relationships; and (5) breach of the NDA between the parties.

{¶ 5}  Both parties subsequently filed motions for summary judgment.  In a decision and entry filed February 23, 2018, the trial court denied appellants' motion for summary judgment, finding there remained genuine issues of material fact for trial on each of Middle West Spirits' five claims.  The trial court also granted in part and denied in part Middle West Spirits' motion for summary judgment in a separate decision and entry filed the same day, dismissing all of appellants' counterclaims with the exception of appellants' claim for tortious interference with contractual relations.  Appellants filed motions for

reconsideration related to both of the trial court's decisions on the motions for summary judgment, and the trial court denied both motions for reconsideration.

{¶ 6} In the more than four years that the litigation was pending, appellants repeatedly filed motions for sanctions against Middle West Spirits and its counsel. The trial court denied appellants' request for sanctions, finding appellants failed to demonstrate Middle West Spirits had engaged in sanctionable conduct.

{¶ 7} After years of discovery, various motions, changes in counsel for appellants, and continuances, appellants eventually dismissed any remaining counterclaims they had against Middle West Spirits. This dismissal occurred approximately one month before the scheduled trial date of September 30, 2019. Following appellants' dismissal of their counterclaims, Middle West Spirits filed on September 10, 2019 a voluntary dismissal with prejudice of the action and all claims it asserted against appellants. Middle West Spirits noted in its notice of dismissal that its decision to dismiss was motivated by its desire to avoid the additional time and expense of future proceedings given the already substantial passage of time and costs incurred.

{¶ 8} On October 4, 2019, following Middle West Spirits' dismissal of the action, appellants filed a combined motion for an award of attorneys' fees under R.C. 2323.51 and Civ.R. 11 and a request for a hearing. In their motion, appellants argued Middle West Spirits sought dismissal with prejudice because they knew they could not win at trial, and thus appellants construed the entire action as lacking merit. Appellants additionally listed 57 instances of what appellants described as Middle West Spirits' sanctionable and/or frivolous conduct. Middle West Spirits filed a memorandum in opposition to appellants' motion.

{¶ 9} In a February 13, 2020 decision and entry, the trial court denied appellants' combined motion for attorney fees under Civ.R. 11 and R.C. 2323.51 without a hearing. The trial court first determined it did not need to hold a hearing as appellants' motion lacked merit. The trial court then noted it disagreed with appellants' overall claim that the action had no basis in law or fact, and it further found that none of the allegations in appellants' itemized list of allegedly frivolous conduct rose to the level of sanctionable conduct under either Civ.R. 11 or R.C. 2323.51. Thus, the trial court denied appellants' motion. Appellants timely appeal.

## II. Assignment of Error

{¶ 10} Appellants assigns the following error for our review:

> The trial court erred in denying defendants-appellants' motion for attorneys' fees and costs against the plaintiff and his attorneys under R.C. §2323.51 and Civ.R. 11.

## III. Analysis

{¶ 11} In their sole assignment of error, appellants argue the trial court erred in denying their motion for attorneys' fees and costs pursuant to Civ.R. 11 and R.C. 2323.51 without a hearing.

{¶ 12} Appellants' motion for attorneys' fees and costs was premised on the trial court's express authority to sanction under Civ.R. 11 and R.C. 2323.51. Civ.R. 11 provides that the signature of an attorney on a pleading, motion, or other document of a party "constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." "For a willful violation of this rule, an attorney * * * may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule." Civ.R. 11. When reviewing an alleged violation of Civ.R. 11, the trial court "must consider whether the attorney signing the document has read the pleading, harbors good grounds to support it to the best of his or her knowledge, information, and belief, and did not file it for purposes of delay." *Bennett v. Martin*, 10th Dist. No. 13AP-99, 2013-Ohio-5445, ¶ 33.

{¶ 13} Pursuant to R.C. 2323.51(B)(1), a court may "award [ ] court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal * * * to any party to the civil action or appeal who was adversely affected by frivolous conduct." Prior to making such an award, the court must hold a hearing to determine (1) whether the conduct at issue was frivolous, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) the amount of the award, if any. *Bennett* at ¶ 17.

{¶ 14} As used in R.C. 2323.51, "frivolous conduct" is defined to include the conduct of a party or the party's attorney that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a).

{¶ 15} The standard of review an appellate court uses in R.C. 2323.51 cases depends upon whether the trial court's determination resulted from factual findings or a legal analysis. *Breen v. Total Quality Logistics*, 10th Dist. No. 16AP-3, 2017-Ohio-439, ¶ 11, citing *Bell v. Nichols*, 10th Dist. No. 10AP-1036, 2013-Ohio-2559, ¶ 18. Because a determination under R.C. 2323.51(A)(2)(a)(ii) is a legal determination, it is subject to de novo review. *Id.* However, determinations under R.C. 2323.51(A)(2)(a)(i), (iii), or (iv) are factual determinations and are therefore given deference. *Id.* These factual determinations will not be reversed if they are supported by competent, credible evidence. *Id.*

{¶ 16} If a trial court finds frivolous conduct, the court then has discretion to grant or deny a request for sanctions. *Gianetti v. Teakwood, Ltd.*, 10th Dist. No. 17AP-606, 2018-Ohio-1621, ¶ 13, citing *Judd v. Meszaros*, 10th Dist. No. 10AP-1189, 2011-Ohio-4983, ¶ 19. An appellate court will not reverse a trial court's decision to grant or deny a request for sanctions pursuant to Civ.R. 11 or R.C. 2323.51 absent a showing that the trial court abused its discretion. *Brust v. Franklin Cty. Sheriff's Office*, 10th Dist. No. 16AP-502, 2016-Ohio-7876, ¶ 9; *Vineyard Christian Fellowship of Columbus v. Anderson*, 10th Dist. No. 15AP-151, 2015-Ohio-5083, ¶ 41. An abuse of discretion connotes a decision that is unreasonable,

arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Further, while a trial court must hold a hearing on motions for sanctions that demonstrate arguable merit, where a trial court determines there is no basis for the imposition of sanctions, the trial court has discretion to deny the motion for sanctions without a hearing. *Scott v. Nameth*, 10th Dist. No. 16AP-64, 2016-Ohio-5532, ¶ 28, citing *Reyes v. McCabe*, 10th Dist. No. 96APE05-690, 1997 Ohio App. LEXIS 1240 (Mar. 31, 1997).

{¶ 17} On appeal, appellants argue that Middle West Spirits filed a meritless complaint, continued to pursue their meritless complaint for several years, and engaged in conduct solely for the purposes of harassment, delay, and intimidation.  Appellants point to a list of 57 alleged instances of frivolous conduct, and they assert that Middle West Spirits' decision to dismiss the action with prejudice just weeks before the scheduled trial date serves as an acknowledgement that it knew its claims were meritless.

{¶ 18}  After review of the record, we find no error in the trial court's conclusion that Middle West Spirits' filing of its complaint and subsequent maintaining of the civil action until it ultimately dismissed the action just prior to trial did not constitute frivolous conduct under Civ.R. 11 or R.C. 2323.51.  As this court has noted, "a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim." *Breen* at ¶ 17, citing *Bennet* at ¶ 18.  Middle West Spirits filed a detailed complaint against appellants with accompanying factual allegations setting forth the essential elements of each of its causes of action.  The trial court subsequently considered and denied appellants' motion for summary judgment on February 23, 2018, finding Middle West Spirits had sufficient evidence to support its claims and proceed to trial.  *See Carasalina LLC v. Bennett*, 10th Dist. No. 14AP-74, 2014-Ohio-5665, ¶ 34 (analogizing R.C. 2323.51 to Fed.R.Civ.P. 11(b)(3), which states "if a party has evidence with respect to a contention that would suffice to defeat a motion for summary judgment based thereon, it would have sufficient 'evidentiary support' " to overcome an allegation of frivolous conduct).

{¶ 19}  Though appellants rely heavily on Middle West Spirits' voluntary dismissal of the action with prejudice, their argument ignores appellants' own prior dismissal of their compulsory counterclaims.  Appellants filed a voluntary dismissal of their counterclaims purportedly without prejudice, but, "[g]enerally speaking, a compulsory counterclaim dismissed pursuant to Civ.R. 41 should be with prejudice." *Sec. Natl. Bank & Trust Co. v.*

*Reynolds*, 2d Dist. No. 2007 CA 66, 2008-Ohio-4145, ¶ 32, citing *Stern v. Whitlach & Co.*, 91 Ohio App.3d 32, 36 (9th Dist.1993) (holding, in effect, that a voluntary dismissal without prejudice, pursuant to Civ.R. 41(A), of compulsory counterclaims was a dismissal with prejudice; *see also Myocare Nursing Home, Inc. v. Hohmann*, 8th Dist. No. 104290, 2017-Ohio-186, ¶ 9 (noting that "[b]ecause dismissals of compulsory counterclaims are presumed to be with prejudice, even if the parties state the dismissal is without prejudice, typically the dismissal is final because all claims are forever resolved").  Thus, Middle West Spirits' subsequent dismissal of the action brought finality to both their own claims and appellants' counterclaims.

{¶ 20} Moreover, we are mindful that throughout the duration of the litigation, appellants filed no fewer than eight separate motions for sanctions, each of which the trial court considered and denied.  Appellants repeat many of the same arguments they made throughout those previous motions in the instant motion.  We also note that the same judge presided over the entirety of the trial court proceedings, including each of the previous motions for sanctions, and was able to thoroughly consider the record and the parties' conduct.  We agree with the trial court that none of appellants' itemized allegations of allegedly frivolous conduct satisfy the definition of frivolous conduct under either Civ.R. 11 or R.C. 2323.51.  Further, we agree with the trial court's determination that it did not need to hold a hearing on appellants' motion for sanctions before denying the motion as the motion lacked merit.  *See Payne v. ODW Logistics, Inc.*, 10th Dist. No. 19AP-163, 2019-Ohio-3866, ¶ 24-25 (a trial court need not hold a hearing prior to denying a motion for attorney fees or sanctions brought pursuant to Civ.R. 11 or R.C. 2323.51), citing *Ohio Dept. of Admin. Servs. v. Robert P. Madison Internatl.*, 138 Ohio App.3d. 388, 399 (10th Dist.2000) ("a trial court must schedule a hearing only on those motions which demonstrate arguable merit and where a trial court determines there is no basis for the imposition of sanctions, it may deny the motion without a hearing").

{¶ 21} For these reasons, we conclude the trial court did not err in finding no frivolous conduct and did not abuse its discretion in denying appellants' combined motion for sanctions without a hearing.  Thus, we overrule appellants' sole assignment of error.

## IV.  Disposition

{¶ 22}   Based on the foregoing reasons, the trial court did not abuse its discretion in denying appellants' motion for sanctions without a hearing.  Having overruled appellants' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.