[Cite as *Russell v. Ryan*, 2021-Ohio-2505.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Dirk C. Russell et al.,                    :

    Plaintiffs-Appellees,           :

                              No. 20AP-176

v.                                         :       (C.P.C. No. 18CV-7250)

Kevin Ryan et al.,                         :          (REGULAR CALENDAR)

    Defendants-Appellants.          :

---

D E C I S I O N

Rendered on July 22, 2021

---

**On brief:** *Dirk C. Russell*, pro se. **Argued:** *Dirk C. Russell.*

**On brief:** *Clark & Lowe*, *LLC, Jacob H. Levine*, and *David K. Lowe*, for appellants. **Argued:** *Jacob H. Levine.*

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendants-appellants, Kevin and Mary Ryan, appeal the February 21, 2020 judgment of the Franklin Count Court of Common Pleas denying motions for sanctions. For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2} This extensively litigated matter arises out of a property dispute between appellants and their neighbors, plaintiffs-appellees, Dirk C. and Tatum B. Russell. On August 27, 2018, appellees filed a complaint against appellants for damages, including punitive damages, and injunctive relief. Appellees' lengthy complaint contained numerous causes of action including: (1) "dangerous & nuisance dogs," (2) "negligent harboring of dangerous & nuisance dogs," (3) "injuring animals," (4) "interference with partition fence upkeep," (5) "failure to maintain partition fence," (6) intentional infliction of emotional

distress, (7) "intentional infliction of emotional distress," negligent infliction of emotional distress, (8) "tresspass [sic] to land," (9) nuisance, (10) conspiracy, (11) menacing by stalking, (12) criminal damaging and endangering, (13) intrusion on seclusion, (14) defamation, (15) prima facie tort, and (16) gross negligence. (Appellees' Compl.) On October 31, 2018, appellants filed an answer and counterclaim seeking damages and injunctive relief.  In their counterclaim, appellants asserted two causes of action: (1) trespass, and (2) nuisance.

{¶ 3}  On February 20, 2019, appellants filed a motion to compel appellees to respond to discovery requests.  On the same date, appellants filed a motion to compel the Columbus Division of Police Aviation Unit ("CPD") to comply with a subpoena.  On February 22, 2019, appellees filed a motion to quash the subpoena issued to CPD.  On March 2, 2019, appellants filed a memorandum in opposition to appellees' motion to quash.

{¶ 4}  On April 10, 2019, the trial court filed an entry denying appellees' February 22, 2019 motion to quash the subpoena and ordering CPD to either respond to appellants' subpoena within 30 days or file an appropriate motion detailing objections to the subpoena.  On the same day, the trial court filed an entry granting appellants' February 20, 2019 motion to compel and ordering appellees to respond to appellants' request for production of documents not later than April 24, 2019.

{¶ 5}  On April 29, 2019, appellants filed a motion for sanctions and default judgment pursuant to Civ.R. 37.  On May 2, 2019, appellants filed a supplemental motion for sanctions and default judgment pursuant to Civ.R. 37.  On the same day, appellants filed a motion for default judgment for liability only pursuant to Civ.R. 55(A).  On May 8, 2019, appellees filed a motion for sanctions and memorandum contra appellants' motion for sanctions.  On May 15, 2019, appellants filed a memorandum in opposition to appellees' May 8, 2019 motion for sanctions.

{¶ 6}  On August 14, 2019, appellants filed a motion for summary judgment.  On August 15, 2019, appellants filed a motion to compel discovery.  On September 10, 2019, appellees filed a motion for summary judgment and memorandum contra appellants' motion for summary judgment.

{¶ 7}  On September 20, 2019, appellees filed a motion for leave to plead to appellants' October 31, 2018 answer and counterclaim.  On September 27, 2019, appellants

filed a memorandum in opposition to appellees motion for leave to plead. In the same document, appellants also requested sanctions for appellees' "frivolous" conduct. (Sept. 27, 2019 Memo and Mot. for Sanctions at 8.) On September 27, 2019, appellants filed a memorandum in opposition to appellees' September 10, 2019 motion for summary judgment.

{¶ 8} On November 1, 2019, the trial court filed an entry granting appellants' August 14, 2019 motion for summary judgment, denying appellees' September 10, 2019 motion for summary judgment, and granting appellants' May 2, 2019 motion for default judgment as to the common law trespass claim and common law nuisance claims only. In the same entry, the trial court also denied appellants' April 29 and May 2, 2019 motions for sanctions.

{¶ 9} On November 29, 2019, appellees filed a notice of appeal from the trial court's November 1, 2019 entry. On December 13 and 16, 2019, the trial court held a damages hearing. On December 18, 2019, the trial court filed a decision and entry granting appellants $200 in total damages. On December 26, 2019, we dismissed appellants' initial appeal due to lack of a final appealable order.

{¶ 10} On January 7, 2020, appellants filed a motion for sanctions and request for oral hearing pursuant to R.C. 2323.51. On January 21, 2020, appellees filed a motion for sanctions and memorandum contra appellants' January 7, 2020 motion for sanctions. On February 21, 2020, the trial court filed an entry denying both appellants' January 7, 2020 motion for sanctions and appellees' January 21, 2020 motion for sanctions.

## II. Assignment of Error

{¶ 11} Appellants appeal and assign the following sole assignment of error for our review:

> THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT AN EVIDENTIARY HEARING BEFORE DENYING DEFENDANTS' MOTION FOR SANCTIONS AND REQUEST FOR ORAL HEARING AS REQUIRED UNDER R.C. §2323.51(B).

## III. Analysis

{¶ 12} In their sole assignment of error, appellants assert the trial court erred by denying their motion for sanctions pursuant to R.C. 2323.51 without conducting a hearing. Appellees have also filed a motion to strike appellants' reply brief.

{¶ 13} With regard to the recovery of attorney fees, Ohio generally follows the "American rule" under which each party is responsible for paying for its own attorney fees. *Gianetti v. Teakwood, Ltd.*, 10th Dist. No. 17AP-606, 2018-Ohio-1621, ¶ 10; *Forrester v. Mercker*, 10th Dist. No. 15AP-833, 2016-Ohio-3080, ¶ 11. Among exceptions to this rule, a court may award attorney fees when specifically authorized by statute. *Gianetti* at ¶ 10; *Orth v. Ohio Dept. of Edn.*, 10th Dist. No. 14AP-937, 2015-Ohio-3977, ¶ 12 (listing exceptions). Pursuant to R.C. 2323.51(B)(1), a court may "award * * * court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with a civil action or appeal * * * to any party to the civil action or appeal who was adversely affected by frivolous conduct."

{¶ 14} "Conduct" encompasses "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, * * * or the taking of any other action in connection with a civil action." R.C. 2323.51(A)(1)(a). "Frivolous conduct" means the conduct of a party to a civil action or the party's counsel that satisfies any of the following:

> (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

> (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

> (iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

> (iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a).

{¶ 15} R.C. 2323.51 does not require a trial court to conduct a hearing before denying a motion for sanctions. *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. No. 14AP-533, 2015-Ohio-3567, ¶ 37. R.C. 2323.51(B)(2)(a) provides that an award under the section may be made only after the court, in part, "[s]ets a date for a hearing * * * to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award." Thus, R.C. 2323.51(B)(2) requires an evidentiary hearing before granting an award but does not address whether an evidentiary hearing is required before denying the award. Nevertheless, although not explicitly required by the statute, we have held that a trial court must schedule a hearing where a motion demonstrates "arguable merit." *Middle W. Spirits, L.L.C. v. Gemini Vodka, Ltd.*, 10th Dist. No. 20AP-118, 2021-Ohio-1503, ¶ 16. *See Cortext Ltd. v. Pride Media Ltd.*, 10th Dist. No. 02AP-1284, 2003-Ohio-5760, ¶ 13 ("The key to this court's analysis of the hearing requirement pursuant to R.C. 2323.51 is that the trial court may deny an oral hearing only to those motions which 'on their face reveal the lack of a triable issue.' ") (Internal citation omitted.); *Brisco* at ¶ 37. *See also Ohio Power Co. v. Ogle*, 4th Dist. No. 12CA14, 2013-Ohio-1745, ¶ 33 (stating that the "trial court must only schedule a hearing on those motions [for sanctions] which demonstrate arguable merit"); *Harold Pollock Co., LPA v. Bishop*, 9th Dist. No. 12CA010233, 2014-Ohio-1132, ¶ 20 ("R.C. 2323.51 requires a hearing when a motion for sanctions demonstrates arguable merit.") (Internal citation and quotation omitted.). However, "where a trial court determines there is no basis for the imposition of sanctions, the trial court has discretion to deny the motion for sanctions without a hearing." *Middle W. Spirits* at ¶ 16. Thus, "[t]he decision of a trial court to deny a hearing on a motion for sanctions will be reviewed to determine whether there exists an arguable basis for sanctions." (Internal citation and quotation omitted.) *Payne v. ODW Logistics, Inc.*, 10th Dist. No. 19AP-163, 2019-Ohio-3866, ¶ 17.

{¶ 16} Similarly, some appellate courts have found it is reversible error for a trial court to "arbitrarily" deny a motion for sanctions, which occurs "when (1) the record clearly evidences frivolous conduct and (2) the trial court nonetheless denies a motion for attorney fees without holding a hearing." (Citation and quotation omitted.) *Polk v. Spirit Homecare, Inc.*, 1st Dist. No. C-120088, 2012-Ohio-4948, ¶ 6. *See Galena v. Delaware Cty. Regional*

*Planning*, 5th Dist. No. 10 CAE 09 0076, 2011-Ohio-2982, ¶ 38 (stating that a trial court "abuses its discretion when it arbitrarily denies a request for attorney fees") (Internal citation and quotation omitted.). Other appellate courts have found that "a hearing is unnecessary" if the court "has sufficient knowledge of the circumstances for the denial of the requested relief and the hearing would be perfunctory, meaningless, or redundant." (Citation and quotation omitted.) *Internatl. Union of Operating Engineers, Local 18 v. Laborers' Internatl. Union of N. Am., Local 310*, 8th Dist. No. 104774, 2017-Ohio-1055, ¶ 18. *See Dennison v. Lake Cty. Commrs.*, 11th Dist. No. 2013-L-097, 2014-Ohio-4295, ¶ 15; *Brock-Hadland v. Weeks*, 7th Dist. No. 13 MA 170, 2015-Ohio-834, ¶ 10 (stating that no hearing required where a motion for sanctions "obviously lacks merit" such that "there is no possible basis for the award"). *See also T.M. v. J.H.*, 6th Dist. No. L-10-1014, 2011-Ohio-283, ¶ 96 (stating that "no hearing is required to deny * * * a motion [for sanctions], due process demands such a hearing when an award may be made").

{¶ 17} The standard of review applied by an appellate court in R.C. 2323.51 cases depends on whether the trial court's determination resulted from factual findings or legal analysis. *Breen v. Total Quality Logistics*, 10th Dist. No. 16AP-3, 2017-Ohio-439, ¶ 11. Because a determination under R.C. 2323.51(A)(2)(a)(ii) is a legal determination, we apply de novo review. *Gianetti* at ¶ 12. However, determinations under R.C. 2323.51(A)(2)(a)(i), (iii), or (iv) are factual determinations, and, therefore, are accorded deference. *Id.* We will not reverse such factual determinations if they are supported by competent, credible evidence. *Id.*

{¶ 18} If a trial court finds frivolous conduct under R.C. 2323.51, the court possesses discretion to grant or deny sanctions. *Breen* at ¶ 11. An appellate court will not reverse a trial court's decision to grant or deny a request for sanctions absent a showing that the trial court abused its discretion. *Gianetti* at ¶ 13. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Furthermore, "while a trial court must hold a hearing on motions for sanctions that demonstrate arguable merit, where a trial court determines there is no basis for the imposition of sanctions, the trial court has discretion to deny the motion for sanctions without a hearing." *Middle W. Spirits* at ¶ 16, citing *Scott v. Nameth*, 10th Dist.

No. 16AP-64, 2016-Ohio-5532, ¶ 28, citing *Reyes v. McCabe*, 10th Dist. No. 96APE05-690 (Mar. 31, 1997).

{¶ 19} Here, at the hearing on the motion for summary judgment, the trial court specifically noted that "there has clearly been issues with respect to the [appellees] providing evidence of damages in the case" despite this having been the "subject of a motion to compel and a subsequent motion for sanctions." (Nov. 1, 2019 Tr. at 4.)

{¶ 20} With regard to the first count in appellees' complaint for "dangerous & nuisance dogs," the trial court found appellees' claim under that allegation failed as a matter of law because there was no allegation or evidence supporting one of the elements of the claim. With regard to the second count in appellees' complaint for "negligent harboring of dangerous & nuisance dogs," the court found there was no evidence of damages or causation. With regard to the third count in appellees' complaint for "injuring animals," the trial court found there was "no evidence that would casually link" anything presented by appellees "to the incident alleged in this case." (Nov. 1, 2019 Tr. at 6.)

{¶ 21} With regard to the fourth count in appellees' complaint for "interference with partition fence upkeep," the trial court found the claim failed as a matter of law because there was no evidence of the required underlying criminal conviction and there was no evidence of damages. With regard to the fifth count in appellees' complaint for "failure to maintain partition fence," the trial court found appellants "present[ed] no evidence of any causation or damages" in response to the motion for summary judgment. (Nov. 1, 2019 Tr. at 7.) With regard to the sixth and seventh counts in appellees' complaint for negligent and infliction of emotional distress, the trial court found appellees presented "absolutely no evidence of any damages" in support of their claims and noted that appellants "attempted to get medical information from [appellees] in this case, and [appellees] have refused to provide such information." (Nov. 1, 2019 Tr. at 7-8.)

{¶ 22} With regard to the eighth count in appellees' complaint for trespass to land, the trial court found appellees presented "no evidence whatsoever" in support of their claim. (Nov. 1, 2019 Tr. at 8.) With regard to the ninth count in appellees' complaint for nuisance, the trial court found appellees presented "no evidence of any causation and damages." (Nov. 1, 2019 Tr. at 9.) With regard to the tenth count in appellees' complaint for conspiracy, the trial court stated that "Mrs. Russell, I believe, admitted in her deposition

that they had no evidence of conspiracy" and "[t]here's been no other evidence presented by affidavit or otherwise" in support of the claim.  (Nov. 1, 2019 Tr. at 9.)

{¶ 23}  With regard to the 11th and 12th counts in appellees' complaint for menacing by stalking and criminal damaging and endangering, the trial court found they failed as a matter of law because appellees presented no evidence of the required underlying criminal convictions.   With regard to the 13th count in appellees' complaint for intrusion on seclusion, the trial court found based on case law that appellees have not presented sufficient evidence to support their claim.  With regard to the 14th count in appellees' complaint for defamation, the trial court found there was "no adverse [e]ffect" resulting from the alleged statements, including no change to employment status or otherwise, and, as a result, appellees failed to present any evidence of damages. (Nov. 1, 2019 Tr. at 10.)

{¶ 24}  With regard to the 15th count in appellees' complaint for prima facie tort, the trial court "question[ed] whether this states a claim at all," and found that "even if it did * * * there's been no evidence of damages presented by [appellees]." (Nov. 1, 2019 Tr. at 10.)  With regard to the 16th count in appellees' complaint for gross negligence, the trial court again "question[ed] whether or not this states a claim," and found "[t]o the extent that it does * * * there's been no evidence of any damages, again, presented by [appellees]." (Nov. 1, 2019 Tr. at 11.)   As a result, the court granted summary judgment in favor of appellants on each of appellees' claims.

{¶ 25}  With regard to appellees' answer and counterclaim, which was filed outside of rule, the trial court stated:

> With respect to the request for default, the Court finds that it doesn't meet the standard for excusable neglect. The Court is not going to permit the late answer. That, taken into consideration with the other discovery issues that have happened during the case, the Court is going to grant the request for default on the counterclaim.

(Nov. 1, 2019 Tr. at 14.)

{¶ 26} At the same hearing, the trial court addressed appellants' motion for sanctions based on Civ.R. 37, stating that "to the extent that the Court has relied on or used as a basis [appellees'] discovery failures to grant in part the motion for summary judgment, the motion for sanctions is granted in that part." However, the court stated that it was "not going to grant any attorneys' fees. The Court finds that there's not sufficient evidence of

conduct requiring or justifying a grant of attorneys' fees." (Nov. 1, 2019 Tr. at 15-16.) In its November 1, 2019 entry, the trial court stated appellants' April 29 and May 2, 2019 motions for sanctions based on Civ.R. 37 were denied "[f]or the reasons stated on the record of the November 1, 2019 hearing." (Nov. 1, 2019 Entry at 3.)

{¶ 27} In its decision denying appellants' January 7, 2020 motion for sanctions based on R.C. 2323.51 and appellees' January 21, 2020 motion for sanctions, the trial court, in addition to detailing applicable statutory provisions and case law, reviewed the parties' arguments in their respective motions for sanctions, and found:

> Defendants have two main arguments for frivolous conduct. First, Defendants warned Plaintiffs via a July 15, 2019 letter that many of Plaintiffs' claims lacked evidentiary support and should therefore be dismissed. *Jan. 7 Motion*, Ex. A. Second, Defendants warned Plaintiffs via a December 2, 2019 letter that Plaintiffs' appeal was untimely and should therefore be dismissed. *Id.*, Ex. B. In summary, Defendants argue Plaintiffs engaged in frivolous conduct because they failed to heed the warnings of opposing counsel.
>
> Plaintiffs' argument is that Defendants engaged in frivolous conduct by "filing of their frivolous Motion for Sanctions." *Jan. 21 Motion*, p. 1. Plaintiffs' motion goes on to accuse Defendants' counsel of "repeatedly" lying to the Court "when it fits his narrative." *Id.*, p. 7.

(Feb. 21, 2020 Decision at 2-3.) Having reviewed the arguments of the parties, the court found that "though both sides have come close, neither side has engaged in the conduct that R.C. 2323.51 was meant to punish." (Feb. 21, 2020 Decision at 3.)

{¶ 28} On appeal, appellants assert the trial court erred by failing to hold a hearing because appellants presented an arguable basis for sanctions under R.C. 2323.51. Specifically, appellants assert appellees engaged in frivolous conduct under R.C. 2323.51(A)(2)(a)(ii) because they pursued legal action that no reasonable attorney would have pursued in light of existing law. In support of their arguments, appellants point to our decisions in *Brisco* and *Payne*.

{¶ 29} In *Brisco*, both parties filed motions for sanctions. The trial court denied the motions without holding a hearing, stating in its decision denying the motions "only that '[u]pon review, the Court has determined that sanctions are not appropriate in this matter for either party.' " *Brisco* at ¶ 38. Because the trial court made no factual findings regarding

sanctions, we stated that "it is difficult for us to discern whether the trial court's determination is supported by competent, credible evidence. This is especially true when our preliminary review of the record reveals that defendants' motion demonstrated arguable merit." *Id.* Furthermore, we found the plaintiffs' causes of action "contained several allegations that appear[ed] to lack any evidentiary support," which was supported by the trial court's recognition of such issues in its decision granting the defendants' motion for summary judgment. *Id.* at ¶ 39. Therefore, we found the trial court erred by not holding a hearing on the motions for sanctions because the "defendants' motion demonstrated arguable merit as they alleged frivolous conduct within the meaning of R.C. 2323.51(A)(2)(a), and such motion did not on its face reveal the lack of a triable issue." *Id.* at ¶ 40.

{¶ 30} In *Payne*, the plaintiff filed a complaint seeking participation in the Ohio Workers' Compensation Fund following a workplace injury. Following dismissal of the plaintiff's complaint, the defendant filed a motion for sanctions, which the trial court denied without holding an evidentiary hearing. On appeal, we found the defendant's motion for sanctions was supported by "significant evidence that tended to support [the defendant's] position that [the plaintiff] had been less than forthright" regarding the evidence underlying his claim. *Payne* at ¶ 27. We found the evidence submitted by the defendant "call[ed] into question whether [the plaintiff] had evidentiary support or 'good ground' for his complaint." *Id.* at ¶ 28. Therefore, we found the motion for sanctions presented an arguable basis for an award under R.C. 2323.51 and, as a result, the trial court erred by failing to hold a hearing prior to denying the motion. We specifically stated that our decision to remand for a hearing "should not be read to suggest that we agree that the evidence shows that [the plaintiff] engaged in frivolous conduct as defined by R.C. 2323.51," but nevertheless our conclusion "require[d] that we remand this matter for the trial court to properly consider the evidence presented by [the defendant] in its motion [for sanctions] at an evidentiary hearing." *Id.*

{¶ 31} In *Middle W. Spirits*, which was decided after *Brisco* and *Payne*, we reviewed a trial court's decision to deny a motion for sanctions under R.C. 2323.51 without holding a hearing. In its decision denying the motion, the trial court found the defendants' motion for sanctions lacked merit because it disagreed with the defendants' contention that the

plaintiff's claim had no basis in law or fact. Furthermore, the trial court found that none of the allegations in the list of allegedly frivolous conduct rose to the level of sanctionable conduct. On appeal, we reviewed the record and found that the plaintiff "filed a detailed complaint against [the defendants] with accompanying factual allegations setting forth the essential elements of each of its causes of action." *Middle W. Spirits* at ¶ 18. In finding that the trial court did not err in finding no frivolous conduct, we noted the trial court considered and denied the defendants' motion for summary judgment, finding the plaintiff had sufficient evidence to support its claims and proceed to trial. We did not find the defendants' arguments regarding the plaintiff's dismissal of the action with prejudice to be determinative because the defendants voluntarily dismissed their counterclaims. We noted that over the course of the litigation, the defendants filed no fewer than eight motions for sanctions, which were each considered and denied by the trial court. The defendants made many of the same arguments in the motions for sanctions from which they appealed as they made in their prior motions. Finally, we noted the same judge presided over the entirety of the trial court proceedings, including each of the prior motions for sanctions, and was able to thoroughly consider the record and the parties conduct. Therefore, we found the trial court did not err in finding no frivolous conduct and did not abuse its discretion in denying the defendants' motions for sanctions without a hearing.

{¶ 32} This case differs from our decision in *Middle W. Spirits* in several significant respects. In *Middle W. Spirits*, the defendants repeated many of the same arguments in their final of eight motions for sanctions that they made throughout the prior motions. Here, although the trial court denied appellants' April 29 and May 2, 2019 motions for sanctions based on Civ.R. 37,[1] which were filed prior to the trial court's decision on summary judgment, those motions were largely premised on allegations of frivolous conduct arising out of the discovery process. In their January 7, 2020 motion for sanctions based on R.C. 2323.51, appellants argued appellees' actions constituted frivolous conduct because they made claims lacking evidentiary support and filed an untimely appeal.

---

[1] As previously discussed, the trial court, at the November 1, 2019 hearing stated it was granting appellants' April 29 and May 2, 2019 motions for sanctions in part, although it ultimately determined the conduct at issue did not warrant damages. However, the trial court's November 1, 2019 judgment entry reflects that both motions were denied in full.

{¶ 33} Furthermore, in *Middle W. Spirits* the trial court denied the motion for summary judgment and, in ruling on the motion for sanctions, disagreed with the defendants contention that the plaintiff's claim had no basis in law or fact. Here, similar to *Brisco* and *Payne*, the trial court explicitly found appellees failed to support their allegations with evidence as to the elements of the claims, damages, or both. At the November 1, 2019 hearing, the trial court found each of appellees' numerous causes of action lacked evidentiary support or failed as a matter of law in granting summary judgment in favor of appellants. Thus, unlike in *Middle W. Spirits*, in which we agreed with the trial court that none of the defendants' allegations of allegedly frivolous conduct satisfied the definition of frivolous conduct, the conduct at issue in this case, at the very least, raises a question as to whether it was "warranted under existing law" or "consist[ed] of allegations or other factual contentions that have no evidentiary support." R.C. 2323.51(A)(2)(a). Based on the foregoing, we cannot say that appellants' motions for sanctions on its face revealed the lack of a triable issue as to the question of whether appellees' actions constituted frivolous conduct. *Cortext Ltd.* at ¶ 13. Thus, as in *Brisco* and *Payne*, appellants presented an arguable basis for sanctions and, therefore, the trial court was required to hold an evidentiary hearing. We specifically note our conclusion should not be read to suggest that we have made a finding regarding whether appellees engaged in frivolous conduct as defined by R.C. 2323.51 or that an award of sanctions is warranted in this case. Our conclusion does, however, require us to remand this matter for the trial court to properly consider appellants' evidence at an evidentiary hearing. Accordingly, we sustain appellants' sole assignment of error.

{¶ 34} Finally, we address appellees' November 30, 2020 motion to strike appellants' reply brief. Appellees contend appellants' reply brief improperly raises new issues of law and fact, depriving appellees of an opportunity to reply. Under App.R. 16(C), an "appellant may file a brief in reply to the brief of the appellee." "The purpose of a reply brief is to afford the appellant an opportunity to respond to the brief of the appellee, not to raise a new argument for the first time." *Cullinan v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 15AP-390, 2016-Ohio-1083, ¶ 19. *See State v. Mitchell*, 10th Dist. No. 10AP-756, 2011-Ohio-3818, ¶ 47. As a result, we generally will not consider an argument or issue raised for the first time in a reply brief. *State v. E.T.*, 10th Dist. No. 17AP-828, 2019-Ohio-

1204, ¶ 62; *State v. Shedwick*, 10th Dist. No. 11AP-709, 2012-Ohio-2270, ¶ 6-7 (granting motion to strike portion of reply brief asserting new assignment of error). Here, because appellants raised new assignments of error for the first time in their reply brief, we grant appellees' motion to strike appellants' reply brief.

**IV. Conclusion**

{¶ 35} Having sustained appellants' sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and  consistent with this decision.

*Motion to strike granted;*
*judgment reversed and cause remanded.*

KLATT and MENTEL, JJ., concur.

_____